352 So.2d 139 (1977)
John W. SHIELDS, Appellant,
v.
James E. MOORE, Jr., Appellee.
No. 77-1205.
District Court of Appeal of Florida, Fourth District.
November 22, 1977.
*140 John D. Prior, Jr., Sunrise, for appellant.
No briefs filed by appellee.
LETTS, Judge.
The trial court reinstated an action pursuant to Rule 1.420(e) Fla.R.Civ.P. We reverse.
This cause was set for trial on January 21st, 1976 and postponed upon request of the plaintiff until "renotice by either party" by order dated January 19th, 1976.
On April 5, 1977 the trial court sua sponte moved the dismissal of the action pursuant to Rule 1.420(e) Fla.R.Civ.P., Failure to Prosecute.
The only evidence in the record pertinent to "good cause" is the bare assertion by plaintiff's counsel that the delay "is not the fault of the plaintiff" and that the plaintiff had "been (in) communication with the Department of Transportation (not the defendant) with regard to determining the assets of the defendant".
We are of the opinion that such explanations do not constitute good cause. True, we are not privy to what other cause the plaintiff may have expressed orally at the hearing on the reinstatement, but the rule unequivocally requires that the good cause be in writing at least five days before the hearing. See Koppers Co., Inc. v. Victoire Development Corp., 284 So.2d 193 (Fla. 1973).
We therefore reverse the order of reinstatement and direct that the case be dismissed under the authority of Laug v. Murphy, 205 So.2d 695 (Fla. 4DCA 1968).
REVERSED.
CROSS and DAUKSCH, JJ., concur.