Coyle W. DUNCAN, Plaintiff,

v.

PENNINGTON COUNTY HOUSING AUTHORITY; Frank C. Aukerman, Edward L. Mazourek and Continental Casualty Company; Dan J. Brutger; John A. Wahl; Richard E. Schreifels; Norman A. Beekley; Joel Marthaler; Don Schaefer; Gary Nelson; Dale Barck; and Tom Rentz, Defendants,

and

Frank C. AUKERMAN, Edward L. Mazourek and Continental Casualty Company, Defendants, Third-Party Plaintiffs and Appellants,

v.

DAN J. BRUTGER, INC., Third-Party Defendant and Appellee.

No. 14937.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1986.

Decided Feb. 26, 1986.

Portia K. Brown and Timothy L. Thomas of Morrill, Hansen, Hubbard & Brown, Rapid City, for defendants, third-party plaintiffs and appellants.

Horace R. Jackson of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for third-party defendant and appellee.

HENDERSON, Justice.

### ACTION

This is an appeal from a Judgment which dismissed a Third-Party Complaint with prejudice, for failure to prosecute. The propriety of the dismissal for failure to prosecute is the sole issue presented. We affirm.

### FACTS

On January 9, 1975, Coyle W. Duncan (Duncan) was injured while working at a construction site in Rapid City, South Dakota. In August 1975, Duncan filed suit against the Pennington County Housing Authority; Aukerman and Mazourek, Inc., a Rapid City architectural firm; and nine employees of the construction site's general contractor, Dan J. Brutger, Inc. (Brutger, Inc.). On March 29, 1976, Aukerman and Mazourek, Inc., filed a third-party complaint against Brutger, Inc., seeking recovery of any judgment received by Duncan plus the costs and attorney's fees incurred in defending Duncan's action. In early 1977, the third-party action was severed from Duncan's primary action and the primary action was tried to a jury in March of that year. Prior to trial, however, the nine employees and the Pennington County Housing Authority settled with Duncan. The jury awarded Duncan $215,000, and Aukerman and Mazourek, Inc., appealed to this Court. Our decision therein was rendered on September 26, 1979. *See Duncan v. Pennington County Housing Authority*, 283 N.W.2d 546 (S.D.1979).

After the severance in early 1977, Aukerman and Mazourek, Inc., took no further action in the third-party case until November 7, 1984, when it filed a Motion to Amend the Third-Party Complaint. Several years prior to this latter date, however,

Aukerman and Mazourek, Inc., was dissolved and the original trial judge, Judge Bottum, died. By this Court's order, Frank C. Aukerman, Edward L. Mazourek, and Continental Casualty Company were substituted for Aukerman and Mazourek, Inc., as third-party plaintiffs and appellants herein. These three parties will be hereinafter collectively referred to as Aukerman and Mazourek.

Brutger, Inc., responded to Aukerman's and Mazourek's motion to amend by moving, inter alia, to dismiss for failure to prosecute. A hearing was held on the respective motions on November 20, 1984, and by a Judgment dated January 16, 1985, the circuit court dismissed the third-party action with prejudice.

From this Judgment, Aukerman and Mazourek now appeal.

### DECISION

DID THE CIRCUIT COURT ABUSE ITS DISCRETION WHEN IT DISMISSED AUKERMAN'S AND MAZOUREK'S THIRD–PARTY COMPLAINT FOR FAILURE TO PROSECUTE?

■ SDCL 15–6–41(b) provides, inter alia: "For failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against him." * In reviewing the grant or denial of such a motion, this Court's inquiry is whether the circuit court abused its discretion when acting thereon. *Watkins Products, Inc. v. Lytle*, 90 S.D. 122, 124, 238 N.W.2d 299, 300 (1976). During such reviews, this Court has made several observations. First, we have observed that the circuit court's power to dismiss an action for lack of prosecution is unquestioned and is founded upon SDCL 15–6–41(b) and the circuit court's inherent power, authority and " 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.*, 370

---

\* We also note that SDCL 15–11–11 provides: "The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where there has been no activity for one year, unless good cause is shown to the contrary."

U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734." *Chicago & North Western Ry. Co. v. Bradbury,* 80 S.D. 610, 612, 129 N.W.2d 540, 542 (1964). *See also, Simkins v. Bechtol,* 86 S.D. 187, 189, 192 N.W.2d 731, 732 (1971). Second, we have observed that although the power to dismiss for failure to prosecute is "a discretionary power, because of drastic consequences it should be exercised cautiously and granted only in case of an unreasonable and unexplained delay in prosecution." *Id.* Third, we have observed that the

> mere passage of time is not the test. The question of laches "does not depend, as does the statute of limitations, upon the fact that a certain time has elapsed since the cause of action accrued, but whether, under all the facts and circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptitude."

*Bradbury,* 80 S.D. at 612–13, 129 N.W.2d at 542 (citation omitted). Fourth, we have observed that it is the plaintiff's burden to proceed with his action, *Potts v. Starr,* 76 S.D. 91, 94, 72 N.W.2d 924, 925 (1955), and that ordinarily we will not interfere with a circuit court determination to dismiss for failure to prosecute. *Simkins,* 192 N.W.2d at 732.

In the present case, Aukerman and Mazourek contend the circuit court abused its discretion by dismissing their third-party action and they assert five rationales for reversal. We delineate these rationales and address their merits seriatim.

■ First, Aukerman and Mazourek assert an abuse of discretion occurred because Brutger, Inc., will not be prejudiced by permitting the action to continue. *Daley v. County of Butte,* 227 Cal.App.2d 380, 38 Cal.Rptr. 693 (1964). Although this Court has not specifically intimated that prejudice, or lack thereof, to the defendant, is a consideration when deciding such a motion, it does appear to be one of the relevant factors to be considered under the facts and circumstances of any particular case. In this case, however, it appears that

Brutger, Inc., and its insurance company, have lost their files relevant herein and that the third-party action will concern complicated contractual indemnity issues. It thus appears that the third-party action will concern some of the contents of these files and that some prejudice to the defense does exist.

Second, Aukerman and Mazourek assert that former counsel's health problems delayed the prosecution of this action and that this constitutes a reasonable excuse for the delay. 24 Am.Jur.2d *Dismissal* § 59 (1983); Annot., 80 A.L.R.2d 1399, § 9 (1961). A review of the record, however, reveals that these health problems were incurred only within a year prior to the dismissal for failure to prosecute. This leaves approximately four years of legal inactivity and no intimation of health problems during such time. Former counsel's recent health problems thus do not constitute a reasonable excuse for delay.

Third, Aukerman and Mazourek assert that former counsel's failure to prosecute deprives them of effective representation and they should not be charged with such attorney's inaction. *Daley.* Attorney inaction and dismissing the plaintiffs' case, however, is the very nature of a dismissal for failure to prosecute and we are not confronted herein with a case involving death or great personal injury which would make it unjust to dismiss. On the contrary, we are dealing with an action to recover costs and attorney fees incurred in defending previous litigation and we find no injustice for charging Aukerman and Mazourek with former counsel's inaction.

Fourth, Aukerman and Mazourek assert that the dismissal was an abuse of discretion because at the time of the dismissal motion, they were prosecuting their claim. *Ayers v. D.F. Quillen & Sons, Inc.,* 5 Storey 481, 55 Del. 481, 188 A.2d 510 (1963). This Court, however, has previously ordered dismissal of an action even though the plaintiffs were then prosecuting their claim. In *Simkins,* the plaintiff's inactivity lasted eight years when it suddenly served a garnishment and requested a trial

date be set. The defendant moved to dismiss for failure to prosecute and the circuit court denied the motion. We remanded with directions to enter an order of dismissal, and in so doing, we determined that present counsel's diligence did not correct prior derelictions. Here, too, we determine that present counsel's attempts to move the case forward do not correct the prior derelictions.

Fifth, and finally, Aukerman and Mazourek assert that the legal policy of disposing of litigation on the merits outweighs the policy against stale claims and that they should be allowed to proceed with their claim. *Daley.* Whatever the validity of this contention, we hold that Aukerman's and Mazourek's inactivity has lasted too long to allow the continuation of this case. This third-party action to recover costs and attorney fees incurred in defending Duncan's primary action was begun in March 1976, and the extent of those costs and fees was resolved in September 1979. At the time of the motion to dismiss herein, more than eight years had passed since Aukerman and Mazourek began this third-party action, and more than five years had passed since all the information needed for trial had become available. We have previously affirmed motions to dismiss for failure to prosecute or ordered such dismissals where the inactivity lasted three years, *Watkins;* where the inactivity lasted four years, *Potts,* and *Fox v. Perpetual Nat'l Life Ins. Co.,* 273 N.W.2d 166 (S.D.1978); and where the inactivity lasted eight years, *Simkins.* Under the circumstances herein presented, we are hard pressed to conclude that the circuit court abused its discretion when dismissing this slumbering action.

Accordingly, we affirm the circuit court's decision and thus end this case of antiquity. Inexcusable delay, as witnessed here, mires cases in our court system and cheats litigants of timely and just determinations. Such delay must be extracted like an impacted molar, lest it infect the judicial jawbone.

FOSHEIM, C.J., MORGAN and WUEST, JJ., and HERTZ, Circuit Judge, Acting as Supreme Court Justice, concur.