Richard E. REED and Michelle Reed, Kitty Peterson and Rich Peterson, Melvin Luei, Curtis Deyo, Plaintiffs and Appellants,

v.

Lyle HEATH, Erland Stenberg, and Ernest Schallenkamp, Defendants and Appellees.

No. 14932.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1986.

Decided April 2, 1986.

David Stanton, Rapid City, for plaintiffs and appellants.

John G. Potter and Samuel W. Crabb, Rapid City, for defendants and appellees.

FOSHEIM, Chief Justice.

Plaintiffs Reed, Peterson, Luei, and Deyo appeal[1] from a dismissal of their complaint due to inaction for over one year as authorized by SDCL § 15–11–11.[2] We affirm.

On May 18, 1982, Plaintiffs served and filed a Summons and Complaint in an action alleging fraud. On June 7, 1982, John C. Farrar of the Gunderson, Farrar, Aldrich, Warder and DeMersseman law firm of Rapid City filed an answer for Defendant Heath. On June 11, 1982, Farrar filed an

1. SDCL § 15–26A–3(2) authorizes an appeal from an order affecting a substantial right and which, in effect, determines the action and precludes a judgment from which an appeal may be taken.

2. SDCL § 15–11–11 provides:

The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where there has been no activity for one year, unless good cause is shown to the contrary.

answer for Defendants Stenberg and Schallenkamp.

According to the record, the next activity was a request by letter from Plaintiffs' counsel, David Stanton, to the circuit court judge that the action *not* be dismissed. This letter was filed on November 16, 1983. In it Stanton said "It [this case] had been handled by John Farrar, and during his illness, hospitalization, and death, I set it aside. So far as I know it has not been reassigned in the office...." Stanton further stated that he would be prepared to go forward with the case in about a week. According to a note in the record made by the secretary to the court administrator, letters were mailed on November 16, 1984, which informed all counsel that the action would be dismissed due to inaction for a period of one year pursuant to SDCL § 15–11–11. Apparently in response to that letter, Plaintiffs' counsel filed a notice of hearing on the court's letter of intent to dismiss. This notice was filed on November 28, 1984, but was not accompanied by a motion or showing in resistance to dismissal. On November 28, 1984, copies of the letter from the circuit court administrator's secretary to the Gunderson firm and the one-year dismissal letter were filed and the Gunderson firm informed the court that the case had been turned over to another Rapid City attorney. On November 28, 1984, the court filed an order of dismissal.

In response to that order, Plaintiffs filed another Notice of Hearing on January 2, 1985, with the hearing to be held on January 18, 1985. The hearing was held as scheduled and a motion to set-aside the order of dismissal was filed. The circuit court judge responded with a letter and again stated the case would be dismissed. A formal order was filed on February 5, 1985. This appeal followed.

The single issue on appeal is whether the circuit court abused its discretion in dismissing the action. Plaintiffs' contend the delay was caused by the illness and death of Defendants' original counsel, and further inaction by his firm. In their brief, Plaintiffs set forth claimed facts regarding their counsel's contacts with the original counsel for Defendants and other members of his firm relating to this case. Defendants respond that since there was no activity in this case, except that prompted by the judge, the action was properly dismissed under the one-year provision of SDCL § 15–11–11. They note that defective notice, if any, has not been complained of by Plaintiffs.

■ This court may review all matters appearing on the record relevant to whether the order appealed from is erroneous. SDCL § 15–26A–10. However, the record contains no transcript of the hearing on the dismissal order. Failure to timely order a transcript constitutes a waiver of a right to a transcript. SDCL § 15–26A–49. Accordingly, the record on this appeal is confined to those pleadings and papers transmitted from the circuit court. *Pearson v. Adams,* 279 N.W.2d 674, 676 (S.D.1979); *see also Caneva v. Miners & Merchants Bank,* 335 N.W.2d 339, 342 (S.D.1983).

■ There is nothing probative in the record to support Plaintiffs' claims. The only mention of the consequences of Mr. Farrar's illness and death is in a letter to the judge from Plaintiffs' counsel and in the judge's memorandum opinion. Consequently, there is nothing but argument before us on appeal.

While all parties are expected to protect themselves and be diligent in insuring that the settled record contains everything necessary for disposition on appeal, the ultimate responsibility for presenting an adequate record falls on the appellant. *Pearson,* 279 N.W.2d at 676. Since the settled record is incomplete and wanting of any showing that the trial court ruled improperly, we must assume the order was correct. *State v. Hall,* 272 N.W.2d 308, 311 (S.D. 1978). The order of dismissal is affirmed.

MORGAN and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENDERSON, J., dissents.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (dissenting).

SDCL 15–11–11 provides that the circuit courts of this state "may dismiss any civil case for want of prosecution upon written notice to counsel of record where there has been no activity for one year, *unless good cause is shown to the contrary.*" (Emphasis supplied mine.) Because good cause is shown to the contrary, I believe the circuit court abused its discretion in dismissing this action. Therefore, I dissent.

Appellees' original counsel, Mr. Farrar, became seriously ill and discovery proceedings had to be delayed. Appellants' attorney, Mr. Stanton, contacted the Gunderson law firm and was informed that Mr. Farrar was keeping the case and was expected to recover and actively represent appellees. Although Mr. Farrar returned to the Gunderson law firm, his health never recovered to the point of permitting his attendance at discovery proceedings to be conducted in California. After Mr. Farrar's unfortunate death, Mr. Stanton again contacted the Gunderson law firm and was informed that the case had not been reassigned and that he would be contacted when it was reassigned.

Thereafter, and while Mr. Stanton was awaiting the Gunderson law firm's internal reassignment of the case, Attorney John Potter took over the case and had the file thereon for one year. However, Attorney Potter never put in an appearance in the case, and the Gunderson law firm never made a formal withdrawal as required by SDCL 16–18–31. *Finck v. Finck,* 354 N.W.2d 198, 201 (S.D.1984). *See also,* SDCL ch. 16–18, Appx. DR 2–110 and EC 2–32. If the Gunderson law firm had complied with SDCL 16–18–31 and obtained an order to withdraw, and if Attorney Potter had sought leave for substitution of counsel, this case would have properly proceeded and the present situation would not be before this Court. Instead, because Mr. Stanton accommodated the difficulties experienced at the Gunderson law firm due to Mr. Farrar's death, Mr. Stanton's professional kindness will be punished as will his clients herein.

This case is unlike the circumstances recently addressed in *Duncan v. Pennington County Housing Authority,* 382 N.W.2d 425 (S.D.1986), as it is under the purview of different statutory provisions. Good cause existed for the minor period of inactivity and the circuit court abused its discretion by dismissing the action.