M. David HOLMOE and Nadine
Holmoe, Plaintiffs and
Appellants,

v.

Daniel J. REUSS, Defendant
and Appellee.

Nos. 15321, 15334.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1987.

Decided March 18, 1987.

Steven L. Jorgensen, Sioux Falls, for plaintiffs and appellants.

Acie W. Matthews, Pruitt, Matthews & Muilenburg, Sioux Falls, for defendant and appellee.

SABERS, Justice.

### Action

This action for personal injuries arises out of an automobile accident which occurred in Sioux Falls, South Dakota on January 31, 1978. A jury trial was held on February 4 and 5, 1986. Plaintiff M. David Holmoe (Mr. Holmoe) was awarded $2,000 in damages. His wife obtained a favorable verdict but was awarded no damages in her suit for loss of consortium. Both the Holmoes [1] and defendant Reuss have appealed. Reuss' notice of review claims the trial court erred in denying his motion to dismiss for lack of timely prosecution. We reverse in favor of Reuss.

### Facts

This accident occurred on January 31, 1978. A summons and complaint were served on December 29, 1980. Defendant answered the complaint on January 28, 1981. Defendant took plaintiff's deposition on October 6, 1981 and the deposition of Dr. Alvine on December 15, 1981. Plaintiffs undertook no discovery until after the defendant made his motion to dismiss on January 15, 1985. There was no activity in the court file and the matter laid dormant during the years 1981, 1982, 1983, 1984, and part of 1985, except for the depositions previously mentioned. In fact, the summons and complaint were not filed in court until February 7, 1985.

---

1. Holmoes claim the trial court erred in (1) refusing to receive their income tax returns and 1099 forms as evidence to show a loss of income; (2) refusing to instruct the jury that Mr. Holmoe was entitled to recover damages for an aggravation of a pre-existing knee injury; and (3) that Mrs. Holmoe's favorable verdict without an award of damages was inconsistent with the evidence. We do not reach these issues for the reasons set forth above.

On January 15, 1985, defendant served his motion to dismiss for lack of timely prosecution. This was almost seven years after the accident occurred. This motion was resisted by plaintiffs' former attorneys who filed affidavits. The second attorney stated that sometime in the late fall of 1982, plaintiff brought the file to his office for a second opinion, but he was not retained or hired by plaintiff and did not hear from nor talk to plaintiff again until approximately January 22, 1985.

The first attorney indicated that there was continued communication between his office and the plaintiff, and that there were some negotiations for settlement during the first six months of 1982. However, he further indicated that in late August 1982 plaintiff came to his office and obtained possession of the file, that at least once during 1983 he wrote to the plaintiff and requested a status report, heard nothing and felt that plaintiff had retained other counsel.

Defendant's motion to dismiss came on for hearing on February 7, 1985 and the court denied the motion. Defendant renewed his motion to dismiss on August 29, 1985, and he renewed it again at the time of the commencement of the trial, and at the conclusion of the evidence and before the submission of the case to the jury.

### Lack of Timely Prosecution

Plaintiffs seek to justify their lack of activity by dissatisfaction with one attorney and the seeking of other counsel. Plaintiffs contend in their brief that during 1982, 1983 and 1984 they were represented by three attorneys, and while not contained in the settled record, there were settlement negotiations and correspondence between the various attorneys representing them. As indicated, there is no proof of this in the settled record and we refuse to consider it. In addition, none of this claimed activity was communicated to defendant or his counsel. It is also clear that the defendant did nothing to protract or delay this case. It was the defendant that took the initiative to get rid of this case by filing the motion to dismiss on January 15, 1985.

Defendant's motion to dismiss was based upon SDCL 15–6–41(b) and SDCL 15–11–11.

SDCL 15–6–41(b) provides in part as follows:

> For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action ... against him. ...

SDCL 15–11–11 provides as follows:

> The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where there has been no activity for one year, unless good cause is shown to the contrary.

In reviewing the delay in this case, we note that it is substantial. We also note that the duty of the defendant in this case was simply to meet the plaintiffs step-by-step. In *Fox et al. v. Perpetual National Life Insurance Company,* 273 N.W.2d 166 (S.D.1978), *reh'g denied,* February 2, 1979, we stated:

> 'It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary, and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step. ...'

*Id.* at 168, *quoting Wiggins v. Washington National Life Insurance Co.,* 246 Cal. App.2d 840, 847, 55 Cal.Rptr. 129, 133 (1966).

■ In reviewing the trial court's denial of defendant's motion to dismiss, our inquiry is whether the circuit court abused its discretion. *Duncan v. Pennington County Housing Authority,* 382 N.W.2d 425, 426 (S.D.1986). Although the power to dismiss for failure to prosecute is a discretionary power, it should be exercised cautiously and granted only in cases of an unreasonable and unexplained delay in prosecution. *Id.* at 427. "[W]e have observed that the 'mere passage of time is not the test. ... but whether, under all the facts and circumstances of the particular

case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptitude.' " *Id., quoting Chicago & North Western Ry. Co. v. Bradbury,* 80 S.D. 610, 612–613, 129 N.W.2d 540, 542 (1964).

Defendant submits that the four year delay in this case was an unreasonable length of time. Plaintiffs seek to be relieved of fault by excusable neglect in removing the file from one lawyer's office and delivering it to another lawyer's office for a second opinion. Defendant argues that such excuse is insufficient and does not constitute "good cause."

■ In this case, there was a delay of over four years from the time of service to the time that defendant moved to dismiss. The last activity in the court file was the deposition of Dr. Alvine, which was taken on December 15, 1981. From that date there was a three year and one month period where there was absolutely no activity. SDCL 15–6–41(b) does not provide for any specific length of time, but the cases indicate that a three or four year delay is an unreasonable length of time under the circumstances. *See: Duncan,* 382 N.W.2d at 428.

SDCL 15–11–11 has a one year limitation from the date of the last activity as re-

flected by the file. It should also be noted in this case that there was no file started with the court and that the plaintiffs did not comply with the rules which require the prompt filing of actions. SDCL 15–6–5(d). Defendant argues that it is significant that he prompted this issue by filing his motion to dismiss, and that it is highly possible that had he not moved for a dismissal when he did this case would still be laying dormant. Accordingly, defendant argues that this is an aggravated case and that if the rules are to mean anything this case should be dismissed because of lack of timely prosecution.

Plaintiffs contend that the activity between themselves and their attorneys in 1982 constitute good cause under SDCL 15–11–11. One problem with this argument is that the file was removed from one attorney and given to another attorney for a second opinion, which opinion was apparently never obtained, and that despite the absence of the second opinion, there was no other activity on the part of the plaintiff from the fall of 1982 until the motion to dismiss in January of 1985. Another problem with this argument is that there is no explanation whatsoever for these last two years of total inactivity. This unexplained inactivity, exceeding two years, does not constitute the good cause or excuse the statute requires.[2]

---

**2.** Recognition that the "good cause" necessary to prevent dismissal for lack of prosecution must constitute more than non-record communication with the party's own counsel, and conduct other than by negligence or inattention to the pleadings has been acknowledged by the Florida District Courts of Appeal.

In *F.M.C. Corp. v. Chatman,* 368 So.2d 1307 (Fla.Dist.Ct.App.1979), the defendant moved to dismiss for lack of prosecution where there had been no activity for over sixteen months. Under the Florida Rules of Civil Procedure, an action may be dismissed where there has been no activity for a period of one year, unless the party shows good cause in writing why the action should remain pending. *See:* 30A Fla.Stat.Ann. § 1.420(e) (West 1985). The trial court held that the plaintiff "had shown good cause in writing why the action should not be dismissed." In reversing and holding that dismissal was warranted, the district court found that plaintiff's explanation of the non-record activity in the file merely re-

flected telephone calls, conferences, and letters between plaintiff's attorney, his client and potential witnesses, without any contact with the defendant. *Id.* at 1308. The court found this conduct insufficient to constitute "good cause" under the rule. The court wrote:

To us, good cause must include contact with the opposing party *and* some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines. In the case before us there may have been extensive non-record conferences with a '... necessary and vital expert witness,' but such do not prevent or hinder, compliance with the rules. (emphasis in original). *Id. See,* e.g., *Greyhound Corp. v. Estevez,* 360 So.2d 41 (Fla.Dist.Ct.App.1978); *Shields v. Moore,* 352 So.2d 139 (Fla.Dist.Ct.App.1977); *Palatka Housing Authority v. Betts,* 349 So.2d 784 (Fla.Dist.Ct.App.1977); *Metropolitan Transit Authority v. Porter,* 328 So.2d 573 (Fla.Dist.Ct.App.1976).

Two recent South Dakota cases, *Duncan, supra,* and *Reed et al. v. Heath et al.,* 383 N.W.2d 873 (S.D.1986), support defendant's position in this matter. When the motion to dismiss was made in *Duncan,* more than eight years had passed since the action was initiated, and more than five years had elapsed since all the information for trial was available. 382 N.W.2d at 428. In affirming the dismissal in *Duncan,* we noted that this court previously affirmed motions to dismiss for failure to prosecute where the inactivity lasted three years. *Id.*

In *Reed, supra,* we affirmed the dismissal of an action for fraud due to inactivity for over one year under SDCL 15–11–11. 383 N.W.2d at 874. Although the plaintiffs in *Reed* claimed their three year period of inactivity was caused by the illness and death of defendants' original counsel and further inaction by his firm, we found that there was nothing probative in the record to support plaintiffs' claims. *Id.* The same arguments apply here. The fault lies with plaintiffs and it is clear that they are chargeable with want of due diligence in failing to proceed with reasonable promptitude. *Duncan,* 382 N.W.2d at 427.

Under these circumstances, plaintiffs' "unexplained inactivity" does not constitute good cause under SDCL 15–11–11, nor excuse under SDCL 15–6–41(b). Accordingly, the trial court abused its discretion in denying defendant's motion to dismiss for lack of timely prosecution under these two statutes. We reverse.

All the Justices concur.