**Margaret VILHAUER, Plaintiff and Appellee,**

v.

**DIXIE BAKE SHOP, Employer and Appellant,**

**and**

**Royal Insurance Company, Insurer and Appellant.**

**Nos. 16333, 16348.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 1989.

Decided April 4, 1990.

Rita D. Haverly of Hagen & Wilka, P.C., Sioux Falls, for plaintiff and appellee.

Susan Jansa Brunick of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for employer and insurer, appellants.

HENDERSON, Justice.

### PROCEDURAL HISTORY

This is a worker's compensation action stemming from a delivery truck accident in 1980. Defendants/Appellants, the Dixie Bake Shop and Royal Insurance Company (Defendants), appeal a decision of the Circuit Court for Minnehaha County in which Claimant/Appellee Margaret Vilhauer (Vilhauer) was adjudicated to be totally and permanently disabled, apparently from the

time of her accident in 1980. By so holding, the circuit reversed a 1988 decision of the South Dakota Department of Labor (Department), on remand from the court to take additional evidence.

The record reflects that this case has involved a long series of delays, most of which are probably justifiable under the circumstances. First, we should note that the accident from which the work-related injury arose occurred in February of 1980. Apparently there were no problems for a long period of time because the departmental hearing procedure was not invoked until a petition for hearing was filed on April 22, 1982, over two years later. The hearing was held some fifteen months later on July 26, 1983, and the hearing officer's decision came out some five months later, on January 4, 1984. The findings of fact, conclusions of law and the order were entered on January 30, 1984, and the Secretary's affirmation was dated February 8, 1984. The first notice of administrative appeal was timely filed on February 29, 1984, some four years after the injury was incurred. Up to this point, Defendants had not complained of any delay by Vilhauer. We may assume, therefore, that there was no unreasonable delay on her part and that the length of time involved was the result of the nature of the injury she sustained.

It would appear from the record that Vilhauer's counsel then failed to file the appropriate notice of issues required by SDCL 1–26–31.4,[1] and further failed to file a brief in conformity with SDCL 1–26–33.2. The first filing after the notice of appeal was a motion to remand to Department under SDCL 1–26–34, filed on February 21, 1985, by new counsel requesting permission to introduce new testimony. This filing obviously triggered the March 5, 1985, filing by defendants of a motion to dismiss for failure to prosecute under SDCL 15–11–11, 15–6–41(b) and 1–26–33.2. A joint hearing was held on the motions on March 8, 1985, and the trial court's order denying the motion to dismiss and granting the motion to remand was entered on March

21, 1985. Defendants did not attempt to appeal the denial of the motion at that time.

The hearing on remand was held on July 7, 1987, and the decision favorable to defendants was rendered on December 21, 1987, and finalized by the entry of findings of fact, conclusions of law and an order on January 19, 1988. Vilhauer again appealed from that decision on February 9, 1988, and that appeal proceeded to hearing on June 1, 1988, without any difficulty. The trial court's decision, favorable to Vilhauer, was finalized by entry of findings of fact, conclusions of law and an order for remand on June 24, 1988, three years after the motion to dismiss.

## ISSUES

Defendants assert, via Notice of Appeal (No. 16333), that the circuit court erred in four respects:

1. Denial of Defendants' 1985 motion to dismiss Vilhauer's appeal of the Department's 1984 order was an abuse of discretion;

2. Granting of Vilhauer's 1985 motion for leave to present additional evidence under SDCL 1–26–34 was improper;

3. The Department's denial of additional benefits in 1988 was not clearly erroneous; and,

4. Vilhauer failed under SDCL 62–7–33, to prove that her condition had changed after Department's 1983 hearing.

Vilhauer, by Notice of Review (No. 16348), argues alternatively that the Department's 1984 decision was clearly erroneous or that the evidence demonstrated that her condition had changed between the 1983 and 1987 departmental hearings.

–Holding–

We affirm the circuit court, holding that the court did not abuse its discretion in refusing to dismiss Vilhauer's appeal in

---

1. This assumes that the employer and the worker's compensation carrier are to be considered "multiple parties" to the appeal even though their interests are so identical that they are both represented by the same counsel.

1985. We do not address the notice of review, as our holding on issue four deems it unnecessary.

## FACTS

In 1980, Vilhauer was 35 years old and had been employed by Dixie Bake Shop for three years. She had held a wide variety of jobs, and enjoyed a physically active life. She injured her back on March 22, 1980, when a delivery truck she was driving slid off an icy road into a ditch.

In April 1982, Vilhauer filed a worker's compensation claim with the Department. A departmental hearing was held on July 26, 1983. On January 30, 1984, Department issued a final order awarding Vilhauer benefits based upon its determination that she had incurred permanent disability of 9 percent (evidence taken at the hearing was contradictory; estimates of Vilhauer's degree of disability varied from 5 percent to 100 percent). Vilhauer filed a notice of appeal in the circuit court on February 27, 1984, but subsequently filed no statement of issues on appeal and no appellant's brief relating to her initial notice of appeal.

On February 27, 1985, almost a year later, new counsel for Vilhauer filed a Motion for Leave to Present Additional Evidence. Defendants filed a motion to dismiss Vilhauer's appeal on March 7, 1985. The circuit court, at a motion hearing on March 8, 1985, denied Defendant's motion to dismiss and remanded the case for the Department to take more evidence. Department held its second hearing on July 7, 1987, and, on January 19, 1988, issued a final order denying additional benefits on the basis that Vilhauer had not demonstrated a change in her condition. Vilhauer filed a new notice of appeal in the circuit court on February 9, 1988. After taking briefs and hearing oral arguments of counsel, the circuit court reversed, holding that Vilhauer was permanently, totally disabled. Defendants appealed to this Court.

## DECISION

I. *The circuit court did not err in denying employer and insurer's 1985 motion to dismiss.*

■ A court's power to dismiss for failure to prosecute is a discretionary power which should be exercised cautiously and granted only in cases of unreasonable and unexplained delay in prosecution. *Holmoe v. Reuss,* 403 N.W.2d 30 (S.D.1987). The delay in this case was neither unreasonable nor unexplained.

■ As previously noted, there was a hiatus of nearly a year when Vilhauer's counsel appears to have dropped the ball, at least procedurally, in failing to file the requisite notice of issues and a brief. The record reflects that new counsel (the present firm, Hagen and Wilka) took over in February of 1985, and immediately began to get the matter moving by filing the motion to remand. Defendants countered with the motion to dismiss claiming no contact, other than a demand for payment of certain medical expenses and a notice of substitution of counsel, until the motion to remand was received. The affidavit in support of the motion to dismiss also states that counsel for defendants had written two letters in July 1984, inquiring if the appeal had been abandoned.[2] In resistance to the motion to dismiss, Vilhauer's counsel acknowledged that the two July letters had been received by her predecessor, but rejoined that a reply denying that the appeal was abandoned had been sent to defendant's counsel, a copy of which was attached as an exhibit. From an examination of that exhibit, it is incontrovertible that abandonment of the appeal was denied. The letter went on to detail some of the medical problems that had been occurring during the intervening period. In a colloquy at the hearing on the motion to dismiss, the trial court stated that it had arrived at the courthouse that morning prepared to grant the dismissal, but it was unaware of the evidence of the reply corre-

---

**2.** Although counsel stated in the affidavit that copies of the letter were attached as exhibits, they do not appear in the record.

spondence. The motion had been served only three days prior to the hearing date. The trial court then took that into consideration, in the light of the drastic consequences of a dismissal and the policy that cases, if possible, should be decided upon their merits and held that there was good cause for the delay. We agree.

In *Duncan v. Pennington County Housing Authority*, 382 N.W.2d 425, 427 (S.D.1986) the Court stated:

Although this Court has not specifically intimated that prejudice, or lack thereof, to the defendant, is a consideration when deciding such a motion, it does appear to be one of the relevant factors to be considered under the facts and circumstances of any particular case.

*Duncan* went on to point out that defendants would be sorely prejudiced at trial by the "loss of claim" files which occurred during the eight-year delay. Such is not the case here. At no time have defendants pointed to any prejudice arising out of the delay. We hold that the trial court did not abuse its discretion; the trial court's judgment was not clearly against reason and evidence. *Gross v. Gross*, 355 N.W.2d 4 (S.D.1984).

II. *Granting of Vilhauer's 1985 motion for leave to present additional evidence under SDCL 1-26-34 was not improper.*

■ SDCL 1-26-34 provides:

If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

There is no time limit on the application for additional evidence other than that it be made before the date set for hearing. *State Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D.1984).

Employer and insurer are incorrect in maintaining that Vilhauer did not demonstrate that the additional evidence is material and that there was good reason for failure to present such evidence in the proceeding before the agency. All of the evidence sought to be introduced related to Vilhauer's condition *as a result of the injury*, not any new injury. Mayo Clinic's and a local physician's recognition of increased psychological problems was presented, by evidence, and considered by the circuit court. The new evidence also included a new determination by the Social Security Administration concluding that Vilhauer was totally disabled, although we recognize that such a determination is not binding on this Court.

Vilhauer demonstrated good reason for failure to present this additional evidence because the evidence developed after the conclusion of the 1983 hearing. (Vilhauer's psychological deterioration and addiction to the painkiller was not available at the 1983 hearing). The circuit court did not abuse its discretion in remanding the case for the taking of further evidence. *Gross, supra.*

III. *The circuit court was correct in determining that the 1988 decision by the Department of Labor was clearly erroneous.*

■ The Department's findings and conclusions incorporate the Memorandum Decision dated December 21, 1987. This Decision states "No evidence whatsoever was produced as to Claimant's physical condition since the time of the original hearing or at present." This finding is clearly erroneous because there was evidence produced at the 1987 hearing showing Vilhauer to be totally disabled. This finding ignores evidence of Vilhauer's hospitalization for drug addiction and back pain. It also ignores the Central Plains Clinic report which discloses Vilhauer's use of pain control techniques and consultation with physicians. It ignores Vilhauer's symptoms. She testified as to the medication she is receiving

and the physicians she is seeing. Finally, Vilhauer testified that her condition is getting worse and that she suffers leg and back pain, severe headaches, depression, and anxiety. She also testified that she is suffering these symptoms "[b]ecause of the accident that I was in in March of 1980: I was fine up until then."

Through testimony and evidence produced at the 1987 hearing, the record establishes that (1) Vilhauer's psychologist unequivocally testified that "[a]t this point in time I do not believe that Margaret Vilhauer is capable of returning to the work force"; (2) that after considering the examination of Dr. Kennelly, the Social Security Administration in 1984 changed its earlier decision and allowed Vilhauer social security benefits; and (3) the South Dakota Department of Vocational Rehabilitation determined on October 14, 1984, that Vilhauer was too severely disabled to be employable. No evidence was presented in 1987 to refute the conclusions that Vilhauer was totally disabled and disabled as a result of the work-related injury. The circuit court's Findings of Fact and Conclusions of Law clearly set forth the evidence which led to and support the "clearly erroneous" determination. *Ashland v. South Dakota Dept. of Labor, Unemployment Ins. Div.*, 321 N.W.2d 103 (S.D.1982).

IV. *The circuit court was correct when it concluded that Vilhauer was not required to demonstrate a change of circumstances under SDCL 1–26–34.*

■ The circuit court made no determination on the issue of substantial change of circumstances because it concluded that Vilhauer was not required to demonstrate a change of circumstances on a remand under SDCL 1–26–34. The Department of Labor, Employer and Insurer contend that Vilhauer was required to show a change of circumstances under SDCL 62–7–33. However, SDCL 62–7–33 is inapplicable in this situation because it does not provide a method of correcting errors made in fixing the amount of an award, but confers authority to end, diminish or increase the compensation previously awarded, provided there is a change in condition subsequent to the entry of the last award. *Stowsand v. Jack Rabbit Lines*, 75 S.D. 11, 58 N.W.2d 298 (1953). Vilhauer is not seeking a change in the final determination of benefits based upon a change of condition. Rather, she is challenging the Department's initial determination of benefits. Under SDCL 1–26–34, Vilhauer merely has to show good reason for failure to present the additional evidence in question and that the additional evidence is material to the proceeding. Since the remand was pursuant to SDCL 1–26–34, Vilhauer did not have to demonstrate a change of condition.

Based upon our determination of this issue, we deem it unnecessary to address Vilhauer's notice of review.

Affirmed.

All the Justices concur.