1996 SD 58

**Corey ANNETT and Richard and Nancy Annett, Parents, Plaintiffs and Appellants,**

v.

**AMERICAN HONDA MOTOR CO., INC., and Honda R & D Co., Ltd., Defendants and Appellees,**

and

**Stich's of Watertown, d/b/a Sheehan Cycle and Sheehan Cycle, Defendants.**

No. 19107.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided May 22, 1996.

Lonald L. Gellhaus of Williams, Gellhaus & Gerdes, Aberdeen, for plaintiffs and appellants.

Craig O. Ash of Holland, Brantseg & Ash, Milbank, for defendants and appellees.

MILLER, Chief Justice.

[¶ 1] Corey Annett and his parents (collectively Annetts) appeal from an order reinstating an order dismissing their case, without prejudice, for lack of prosecution under SDCL 15–11–11. We affirm.

## FACTS

[¶ 2] On March 28, 1990, Corey Annett was seriously injured while operating a Honda 350X all terrain vehicle (ATV). This ATV was designed by Honda R & D Co., Ltd (Honda R & D), distributed by American Honda Motor Co., Inc. (American Honda), and sold as a used vehicle by Stich's of Watertown d/b/a Sheehan Cycle (Sheehan Cycle).

[¶ 3] On April 24, 1992, Annetts filed a summons and complaint against Honda R & D, American Honda, and Sheehan Cycle in U.S. District Court for the District of Minnesota. Annetts served the summons and complaint on American Honda and Sheehan Cycle, but did not serve Honda R & D. The court dismissed the action on January 22, 1993, due to lack of subject matter jurisdiction. During the nine-month pendency of this federal court suit, the only formal activity was the service of the summons and complaint on two defendants. There was no written discovery, depositions, or other formal activity.

[¶ 4] On March 25, 1993, three days before the expiration of the statute of limitations, Annetts filed this action in circuit court. As in the federal court suit, the summons and complaint were served on American Honda and Sheehan Cycle, but not on Honda R & D. Annetts granted the "Honda defendants an indefinite extension of time to answer or otherwise respond to the complaint while we continue to explore the possibility of early settlement." Sheehan Cycle filed its answer on April 26, 1993 while American Honda filed its answer on June 9, 1993.

[¶ 5] On June 24, 1994, the Grant County clerk of courts notified all counsel that its records indicated that the case had been pending for at least one year without any proceedings. Counsel were advised that the court would dismiss the case on August 2, 1994, unless good cause was shown to the contrary.

[¶ 6] On August 2, 1994, the trial court filed its order of dismissal pursuant to SDCL 15–11–11. The order stated that there had been no proceedings in the case for over one year, counsel had been notified "that should proceedings not be commenced the action would be subject to dismissal, unless good cause is shown," and no action had been taken since notice had been sent pursuant to SDCL 15–11–11. The case was dismissed, without prejudice.

[¶ 7] On August 4, 1994, Lonald L. Gellhaus, Annetts' South Dakota attorney whom Annetts' Minnesota attorney, Russell A. Ingebritson, had associated with, wrote an *ex parte* letter to the court requesting that the order of dismissal be vacated because:

> This matter has been reviewed by a reputable law firm in Minneapolis, Zelle and Larson, who have had their ATV experts

review this case and are under retainer with their office. Up until approximately one year ago there have been settlement negotiations and a sizable offer which has been withdrawn. There is a medical lien on the case which makes accepting difficult. However, there are serious injuries. The attorneys for Honda have conducted interviews of Plaintiff's family and have invested considerable time and energy dealing with this case. The case is a complicated one. The defense is difficult. The medicals of the Plaintiff have been ongoing and the Plaintiffs now reside in Minnesota and are currently being treated in the State of Minnesota. Mr. Russell Ingebritson has been dealing with Mr. Struble, the defense attorney in Minneapolis, in this matter. I believe good cause is shown pursuant to the rule that this action should not be dismissed for want of prosecution, and request that you enter an Order vacating the Order of Dismissal that was previously entered on August 2, 1994.

Gellhaus explained that he intended for the court to receive this information prior to the dismissal of the case on August 2, 1994, but due to office remodeling requiring the disconnection of computers and dictation equipment, the letter was not sent earlier. The trial court was not aware that copies of this correspondence had not been sent to American Honda or Sheehan Cycle.

[¶ 8] On August 11, 1994, the trial court vacated the order of dismissal and reinstated the case without prejudice. The order stated that the court was satisfied that the Gellhaus letter showed good cause why the matter should not be dismissed.

[¶ 9] American Honda and Sheehan Cycle filed motions to reinstate the order of dismissal contending that Annetts' ex parte letter had deprived them of the opportunity to contest whether good cause existed to support the vacation of the order of dismissal.

[¶ 10] The Court heard oral arguments on the motions to reinstate on October 18, 1994. It filed its findings of fact and conclusions of law on November 15, 1994. The Court concluded, in part,

2. The Court improvidently granted the Order vacating the Order of Dismissal.

The grounds offered by plaintiffs [Annetts] for reinstating this action do not constitute good cause within the meaning of Supreme Court Rule 80–11 [SDCL 15–11–11], even if plaintiffs had timely offered those grounds before the date specified for dismissal of this case.

a. As and for good cause, plaintiffs state that informal proceedings, including vehicle inspections and witness interviews, have occurred in this case. However, Supreme Court Rule 80–11 requires some type of formal proceedings, such as written discovery, depositions, or court file-reflected activity, to avoid dismissal for want of prosecution. Moreover, plaintiffs cannot justify their total inactivity during the last year by whatever informal proceedings occurred in the past because the last informal activity occurred more than two years ago on or about July 1, 1992, and plaintiffs have thereafter had more than one year to formally prosecute this action.

b. As and for good cause, plaintiffs also state that the parties have had settlement discussions. However, the existence of private settlement discussions do not amount to the type of file activity or proceedings contemplated by Supreme Court Rule 80–11. Moreover, plaintiffs cannot justify the total absence of file activity during the last year by whatever settlement discussions occurred in the past because American Honda's final settlement offer expired on January 4, 1994, and plaintiffs thereafter had several months to prosecute this claim within the meaning of Supreme Court Rule 80–11.

c. As and for good cause, plaintiffs also state that another lawyer, Mr. James S. Reece, of the law firm of Zelle & Larson in Minneapolis, Minnesota, has reviewed file materials, met with plaintiffs, and agreed to associate as counsel for plaintiffs on this case. However, that activity does not constitute file proceedings within the meaning of Supreme Court Rule 80–11. Moreover, plaintiffs cannot justify their failure to prosecute this action during the past year by whatever Mr.

Reece did because Mr. Reece first met with plaintiffs and reviewed the file materials approximately one year ago on August 21, 1993, and thereafter had nearly one year to prosecute the action pursuant to Supreme Court Rule 80–11. Additionally, Mr. Reece did not agree to associate with plaintiffs' counsel on this file until August 20, 1994, when the one-year period for case activity under Supreme Court Rule 80–11 had already expired.

d. Finally, as and for good cause plaintiffs cite the complexity of the liability issues and the seriousness of the injuries to Corey Annett. However, those factors only enhance the need for active prosecution of the case in accordance with Supreme Court Rule 80–11 and its goal of promoting the fair and efficient administration of justice.

3. Reinstatement of this action would prejudice defendants, as each defendant would incur substantial costs in defending this action. Sheehan Cycle would incur special costs in defending the case because of a declaratory judgment action brought by its insurer, American State Insurance Company, seeking a judgment that the policy of insurance issued to Sheehan Cycle does not provide insurance coverage nor obligate American States to defend this case. Additionally, the age and staleness of claims filed just three days before the statute of limitations combined with more than one year of inactivity in prosecuting those claims would prejudice defendants' preparation and presentation of the case.

The trial court reinstated the August 2, 1994, order of dismissal.

## STANDARD OF REVIEW

[¶ 11] In South Dakota, the trial court "may dismiss any civil case for want of prosecution upon written notice to counsel of record where there has been no activity for one year, unless good cause is shown to the contrary." SDCL 15–11–11 [1]

[¶ 12] In reviewing a trial court's dismissal of a claim for failure to prosecute, this court determines whether the trial court abused its discretion. *Schwartzle v. Austin Co.*, 429 N.W.2d 69, 71 (S.D.1988). Several well established principles of law guide this Court's review:

First, this Court ordinarily will not interfere with the trial court's rulings in these matters. *Duncan*, 382 N.W.2d at 427; *Simkins v. Bechtol*, 86 S.D. 187, 192 N.W.2d 731, 732 (S.D.1971).

Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. *Opp [v. Nieuwsma]*, 458 N.W.2d [352] at 356 [S.D. 1990]; *Schwartzle*, 429 N.W.2d at 71; *Holmoe*, 403 N.W.2d at 31; *Duncan*, 382 N.W.2d at 427; *Simkins*, 192 N.W.2d at 732; *Chicago & Northwestern R.Co. v. Bradbury (Bradbury)*, 80 S.D. 610, 129 N.W.2d 540, 542 (S.D.1964). An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." *Bradbury*, 129 N.W.2d at 542 (quoting *Potts v. Starr*, 76 S.D. 91, 72 N.W.2d 924, 925 (S.D.1955).

Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. *Opp*, 458 N.W.2d at 356; *Schwartzle*, 429 N.W.2d at 71; *Holmoe*, 403 N.W.2d at 31; *Duncan*, 382 N.W.2d at 427; *Bradbury*, 129 N.W.2d at 542.

Fourth, the plaintiff has the burden to proceed with the action. *Du–Al Mfg. Co.*, 444 N.W.2d at 56; *Schwartzle*, 429 N.W.2d at 71; *Duncan*, 382 N.W.2d at 427; *Simkins*, 192 N.W.2d at 732; *Potts*, 72 N.W.2d at 925. The defendant need only meet the

---

1. *See also,* SDCL 15–6–41(b) which provides, in part, "[f]or failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him." This section does not contain the requirement of an absence of activity for one year that SDCL 15–11–11 contains. Neither American Honda or Sheehan Cycle moved to dismiss for failure to prosecute under SDCL 15–6–41(b).

plaintiff step by step. *Holmoe,* 403 N.W.2d at 31.

Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. *Opp,* 458 N.W.2d at 356; *Holmoe,* 403 N.W.2d at 31–32; *Duncan,* 382 N.W.2d at 427; *Bradbury,* 129 N.W.2d at 542.

*Dakota Cheese, Inc. v. Taylor,* 525 N.W.2d 713, 715–716 (S.D.1995).

## ISSUE

[¶ 13] **I. Did the trial court abuse its discretion when it dismissed Annett's case for failure to prosecute?**

## DECISION

[¶ 14] Before a circuit court may exercise its discretion and dismiss a case for want of prosecution there must be a) no activity for one year, and, b) no showing of good cause which excuses the inactivity. SDCL 15–11–11.

[¶ 15] A. **Was there "no activity for one year" pursuant to SDCL 15–11–11?**

[¶ 16] In this case, the record reflects that the last record activity occurred on June 9, 1993, when American Honda filed its answer to the complaint. More than a year had passed when the clerk of courts notified counsel of the potential for dismissal on June 24, 1994 and when the court filed its order of dismissal on August 2, 1994.

[¶ 17] Annetts concede that there was no activity reflected in the court record for a year prior to the dismissal of the action. They contend, however, that the parties engaged in informal discovery and settlement negotiations which should constitute "activity" under SDCL 15–11–11.

[¶ 18] This contention must be rejected for two reasons. First, the trial court found, and Annetts presented no evidence to refute, the fact that the last informal activity in this case occurred during the federal court action in

1992 and predated the filing of this case in state court. In addition, non-record settlement discussions expired, according to the Gellhaus letter, one year before dismissal of this action while the retainer of another plaintiffs' attorney happened after dismissal of the case.

[¶ 19] Second, the settled record in this case contains no proof of the discovery or settlement negotiations that Annetts assert. In *Holmoe v. Reuss,* 403 N.W.2d 30, 32 (S.D.1987), we recognized that SDCL 15–11–11 "has a one year limitation from the date of the last activity as reflected by the file."[2] In that case, plaintiffs sought to justify the lack of record activity by claiming that there were settlement negotiations and correspondence between their attorneys. This Court rejected the claim, saying "[a]s indicated, there is no proof of this in the settled record and we refuse to consider it." *Id.,* 403 N.W.2d at 31. *See, Du–Al Mfg. Co. v. Sioux Falls Const. Co.,* 444 N.W.2d 55, 57, Sabers, J. specially concurring ("it remains the attorney's responsibility to protect the *court record* against dismissal for lack of prosecution. Therefore, we have no alternative but to dismiss. SDCL 15–6–41(b); *Holmoe v. Reuss,* 403 N.W.2d 30 (S.D.1987)." [emphasis supplied].) *See generally,* 24 AmJur2d, *Dismissal* § 56 (Requirements that activity appear on face of record)(1983).

[¶ 20] B. **Was there good cause excusing the absence of record activity for more than one year?**

[¶ 21] Annetts raise several reasons why they believe that there is good cause to excuse the absence of record activity and therefore not dismiss their case.

[¶ 22] 1. Annetts propose that this Court adopt a "sliding scale of culpability" in want of prosecution cases. They contend that a plaintiff should have a lower burden to show good cause when the lack of record activity is one year and an increasingly greater burden when the lack of activity exceeds two years. They contend that a one

---

**2.** Despite Justice Konenkamp's assertion to the contrary, South Dakota case law does recognize a requirement of record activity. *Holmoe,* and the cases cited therein.

year lapse in formal proceedings is not egregious. Annetts' fail to cite any supporting authority for this proposition as required by SDCL 15–26A–60(6) and this Court deems the issue waived. *Nielsen v. McCabe*, 442 N.W.2d 477, 480 (1989). In addition, SDCL 15–11–11 gives the court the discretion to dismiss a civil case after there has been no activity for a year unless it determines that there is good cause to the contrary. This "good cause" provision allows the court to evaluate the time frame of inactivity in light of the circumstances surrounding the case, and not merely use the passage of time as the test to determine whether dismissal is warranted. *See, Dakota Cheese*, 525 N.W.2d at 716. A "sliding scale of culpability" is neither authorized nor warranted by SDCL 15–11–11.

[¶ 23] 2. Annetts contend the serious nature of Corey Annett's injuries provide good cause not to dismiss the case. Corey, they contend, should not be punished for the inactivity of his attorneys.

[¶ 24] While Annetts spend a substantial portion of their brief detailing the accident, Corey's injuries, and his treatment and prognosis, Annetts concede that this information is not contained in the settled record. *See* SDCL 15–26A–60(5).

[¶ 25] In addition, while in some cases of death or great personal injury it may be unjust to dismiss, *Duncan v. Pennington County Housing Auth.*, 382 N.W.2d 425, 427 (dicta)(SD 1986), as the circuit court concluded, the serious nature of Corey Annett's injuries enhanced the need for active prosecution. While Annetts do not believe they should be charged with their attorneys' inaction, "[a]ttorney inaction and dismissing the plaintiffs' case, however, is the very nature of a dismissal for failure to prosecute." *Id.*, 382 N.W.2d at 427.

[¶ 26] 3. Annetts also claim that their difficulty in finding an expert witness, the informal discovery activities, and settlement talks between the parties constitute good cause not to dismiss their case.

[¶ 27] The trial court found, and Annetts do not dispute, that informal discovery concluded prior to the commencement of this state court action while settlement activity expired months prior to dismissal. There is no record evidence regarding inability to locate an expert, nor do Annetts explain why the lack of an expert precluded any other activity designed to move the case to completion.

[¶ 28] Similar contentions were raised and rejected in *Dakota Cheese*, 525 N.W.2d at 717:

Dakota Cheese and Dee contend that they were diligent in their prosecution by conducting the necessary investigation of the documents and employing an expert witness. Notably absent was any communication with the court or Smith and Taylor. The only communication received by Smith and Taylor was a letter from Dakota Cheese and Dee's attorney stating that he had associated himself with another lawyer. It should be noted that communication among a plaintiff and plaintiff's counsel has been rejected by this Court as good cause for delay. *See, Holmoe*, 403 N.W.2d at 32. Good cause for delay requires "contact with the opposing party *and* some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines." *Id.* at 32 n. 2 (quoting *F.M.C. Corp. v. Chatman*, 368 So.2d 1307, 1308 (Fla.Dist.Ct.App. 1979).

[¶ 29] 4. Annetts also claim that American Honda was not prejudiced by the lack of activity in this case since it acquiesced in the delay and reaped financial benefit from the delay.

[¶ 30] First Annetts cite no record references to support such assertions, nor does the record support them. Second, while prejudice is a factor that the Court may consider in determining a motion to dismiss, it is not necessary for a defendant to demonstrate it. *Dakota Cheese*, 525 N.W.2d at 717. The trial court did, however, specifically find that reinstatement of the action would prejudice defendants. Third, a defendant has a duty simply to meet the plaintiffs step-by-step and can be charged with no neglect for failing to do more than that. *Holmoe*, 403 N.W.2d at 31.

[¶ 31] 5. Annetts contend that this case should not have been dismissed because the law favors the decision of cases on their merits. (Obviously, considering the procedural posture of the litigation, the "merits" of Annetts' case remains an open question.) The law also recognizes, however, a court's inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Duncan,* 382 N.W.2d at 426. To that end, SDCL 15–11–11 allows the dismissal of cases for want of prosecution where a plaintiff can show no record activity for one year and no good cause to explain its absence.

[¶ 32] 6. Finally Annetts assert that the trial court should have imposed a less drastic sanction than dismissal of the case. Annetts did not raise this contention at the trial court level. The trial court imposed the only remedy allowed by SDCL 15–11–11 for want of prosecution, dismissal.

## CONCLUSION

[¶ 33] Annetts have neither shown activity in the case for one year or good cause to excuse the inactivity. The trial court did not abuse its discretion by dismissing the case.

[¶ 34] SABERS, AMUNDSON and GILBERTSON, JJ., concur.

[¶ 35] KONENKAMP, J., concurs in result.

KONENKAMP, Justice (concurring in result).

[¶ 36] While I agree the plaintiffs have not shown "activity" in this case for over a year, establishing "record activity" should not be necessary.[3] SDCL 15–11–11 merely requires "activity," not record activity. The majority uses *Holmoe v. Reuss,* 403 N.W.2d 30 (S.D. 1987), as the stepping stone to require "record activity." In *Holmoe* we noted plaintiff's failure to preserve an adequate record for appeal. *Id.* at 31. However, in that case, as here, there was also no file activity. Hence, *Holmoe's* underlying rationale must be examined before its needless expansion in this

case. *Holmoe* cites *Reed v. Heath,* 383 N.W.2d 873 (S.D.1986), which stated that the ultimate responsibility for presenting an adequate record on appeal falls on the appellant. 403 N.W.2d at 33. *Reed* does not stand for the rule that SDCL 15–11–11 requires record activity. *Holmoe* also cites *Duncan v. Pennington County Housing Authority,* 382 N.W.2d 425 (S.D.1986), but that case makes no requirement of "record activity" and more importantly it involved a dismissal brought under SDCL 15–6–41(b), not SDCL 15–11–11. *Id.*

[¶ 37] The majority also cites 24 AmJur2d, *Dismissal* § 56 to further support its rationale. However, a close reading of the cases cited therein shows the requirement of "record activity" is derived from jurisdictions which explicitly mandate it by statute. *See* FlaStatAnn § 1.420(e)(West 1985)("All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed...."); *Landberg v. State Dept. of Game & Fisheries,* 36 Wash.App. 675, 676 P.2d 1027, 1029 (1984)("In all civil cases wherein there has been no action of record during the 12 months just past ... such case will be dismissed by the court for want of prosecution ...") (citing state civil procedure rule 41(b)(2), failure to prosecute). Therefore, I decline to read the word "record" into our statute.

[¶ 38] Additionally, although I agree the circuit court did not abuse its discretion in dismissing this case, the result is distressing and points up the necessity for courts to take an active role in case management. The American Bar Association has long advocated the need for judges to take over responsibility for case flow supervision to ensure a just, economical, and speedy resolution of disputes.

> If a court is to give prompt and adequate consideration to its cases, it is essential that the court itself exercise active supervision over its case flow. The possible alter-

---

3. A requirement to file something of record may encourage parties to file documents in the court file once a year merely to keep the case from

appearing inactive. The ultimate effect would cause needless filings and would not further the disposition of a case in any way.

natives to management by the court—leaving case scheduling to individual lawyers ... are not only likely to result in delay in individual cases but also to produce inefficiency and disruption in the flow of all cases. Each lawyer's primary concern is with his own cases and his own scheduling problems, and lawyers as a matter of professional courtesy are inclined to accommodate each other's scheduling needs.... Only the court has an overview of all cases, and only the court is in a position to provide orderly and impartial direction to the movement.

ABA, *The Judicial Administration Division Handbook: The Improvement of the Administration of Justice*, 6thEd, p37 (1981). While South Dakota currently has a hybrid system where both the bench and the bar participate in the flow of justice through the legal machinery, all the circuits should devise local rules to exercise more control over the supervision of their dockets. *See* SDCL 15–6–83(circuit court rules); *Stormo v. Strong*, 469 N.W.2d 816, 823 (S.D.1991)(trial courts have the authority to establish local rules, and where established, they are not to be ignored). *See, for example,* Second Judicial Circuit Civil Rules, SDCL 15–6–83, Appendix B. The mechanism to implement this process is already present. SDCL 15–6–16 provides:

Prior to the trial of any action, the court, either on its own motion or the motion of any party, shall, after consulting with the attorneys for the parties and any unrepresented parties, enter a scheduling order that limits the time:

(1) To join other parties and to amend the pleadings;

(2) To file and hear motions;

(3) To complete discovery;

(4) The date or dates for conference before trial, final pretrial conference and trial;

(5) Any other matters appropriate to the circumstances of the case.

A schedule shall not be modified except by leave of the judge upon a showing of good cause.

[¶ 39] Seldom, if ever, should a case arise such as this one where there is no "activity," justifying a dismissal for failure to prosecute, because judges should be monitoring their cases and spurring them toward a just and speedy disposition. After all, judges are ultimately responsible for administration of the judicial system for the benefit of those it serves. The South Dakota Bill of Rights provides: "All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, *administered without denial or delay.*" South Dakota Constitution article VI, § 20 (emphasis added). Our goal is justice and "[t]he clearance of dockets and calendars is of secondary concern in the administration of justice." *Chicago & North Western Ry. Co. v. Bradbury*, 80 S.D. 610, 612, 129 N.W.2d 540, 542 (1964).

[¶ 40] For the above reasons, I respectfully concur in result only.