No. 30,183.

FRANK LEWIS and CELIA LEWIS, *Appellants*, v. CHARLES CASTO and MANDA CASTO, SOL ADKINS, LULU ADKINS and HENRY ALEXANDER, *Appellees*.

(16 P. 2d 548.)

Opinion filed December 10, 1932.

*Elisha Scott* and *James A. Davis*, both of Topeka, for the appellants.
*Ben F. Winchel*, of Paola, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the trial court sustaining a motion to require plaintiffs to make their petition more definite and certain, and from a later order of the court dismissing the cause without prejudice.

The petition, filed June 9, 1930, alleged in substance that about February 21, 1929, defendants, claiming to be the owners of certain described real property in Miami county, entered into a written contract to sell it to plaintiffs for the sum of $800, of which $50 was paid in cash and the balance was to be paid at $20 per month; that plaintiffs had made all payments and fulfilled all of the obligations of the contract on their part; that about April 24, 1929, defendants took possession of the real property and ejected plaintiffs therefrom, and had collected rents from the property since that date, and that plaintiffs are entitled to have the rents collected by defendants applied upon the contract, and entitled to possession of the property and to damages in the sum of $400 for wrongful ejectment; that defendants had made fraudulent representations to plaintiffs to the effect that they were the owners of the described real estate, that all taxes thereon had been paid, and that the same was free from encumbrances; that it was agreed that plaintiffs should make certain repairs upon the property, for which defendants would give them credit on the contract; that plaintiffs did make repairs, for which defendants refused to give them credit, to plaintiffs' damage in the sum of $500. The prayer was that the court decree that plaintiffs had complied with the contract on their part; that they were entitled to possession of the real property; that they were entitled to credit on the contract for rents collected by defendants, and that they have judgment for $400 and for $500 damage.

On July 15, 1930, defendants filed a motion that plaintiffs be required to make the petition more definite and certain by stating: (1) When, where and in what manner they had made the payments on the contract, and whether by cash or by labor and material, and if the latter, when the same was performed or furnished and the amount and character thereof; (2) what repairs and improvements they had placed upon the premises, and the amounts claimed therefor; and (3) in what manner their damage in the sum of $500 arises, and the items thereof.

On September 29, 1930, the motion came on to be heard and was

considered by the court and sustained, and plaintiffs were given twenty days to file an amended petition. On October 27 plaintiffs appeared in court and moved that the order of September 29 be set aside. A hearing was had on that motion and it was overruled. No amended petition was filed, and on November 17, 1930, defendants filed a motion that the action be dismissed for failure of plaintiffs further to prosecute. This motion came on to be heard February 2, 1931, when it was considered by the court and sustained, the order being that the action be dismissed without prejudice at plaintiffs' cost.

Appellants contend that the court erred in sustaining the motion to make more definite and certain. It is clear that a ruling on that motion was not an appealable order, it not being the final determination of the rights of the parties. (*Frowe v. McPheeters,* 122 Kan. 420, 422, 251 Pac. 1105.) More than that, it was clear from the petition that plaintiffs claimed to have made the payments in some way other than in cash. Defendants were entitled to know plaintiffs' specific claims in regard to such payments; hence, there was no error in the court's ruling. No amended petition had been filed within the time given by the court, nor for months thereafter. It is clear the action was not being prosecuted with diligence or in good faith. The court was justified in dismissing it, but was careful then to preserve any rights plaintiffs might have by making the order of dismissal without prejudice to a future action.

Appellants have no just reason to complain, and the judgment of the court below is affirmed.