POTTS, Appellant v. STARR, Respondent

(72 N.W.2d 924)

(File No. 9509.  Opinion filed November 17, 1955)

92

W. M. Potts, Mobridge, for Appellant.
Jackson & Krause, Lemmon for Respondent.

SICKEL, J. This action was commenced by W. M. Potts, as plaintiff, against Clarke Starr, as defendant, for

cancellation of a farming contract and for damages for failure to perform the contract. Defendant answered alleging compliance with the terms of the contract and partial settlement. The answer also alleges fraud and laches on the part of the plaintiff. On September 14, 1954 defendant served notice of motion to dismiss the action on the ground of unreasonable neglect on the part of the plaintiff to proceed with the cause of action. The motion was heard on September 21, 1954 and was granted on October 5, 1954. The order provides for dismissal of the action without prejudice if terms of $100 be paid within thirty days, and for dismissal on the merits if such terms be not paid. The terms were not paid and plaintiff appealed from the order.

Appellant contends that the delay in proceeding with the action after it had been  commenced and was at issue did not constitute ground for the order of dismissal.

SDC 33.1704(4) provides: "The Court may also dismiss the complaint, with costs in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to * * * proceed in the cause against the defendant or defendants served".

Under this statute "unreasonable neglect" on the part of the plaintiff to proceed in the pending cause is a ground for dismissal of the complaint. Welch v. McCoy, 40 S.D. 273, 167 N.W. 159. Unreasonable neglect and unreasonable delay are of the same meaning and both depend upon the particular facts and circumstances to which they are applied. Gunvordahl v. Knight, 73 S.D. 638, 47 N.W.2d 561. As they appear in the above statute they imply omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights". Wynne v. Conrad, 220 N.C. 355, 17 S.E.2d 514, 518.

The record shows that the contract was dated April 12, 1948 and expired on March 1, 1953. The action was commenced on August 21, 1950 and defendant's answer was served September 20, 1950. More than four years elapsed from the time issue was joined and the date of the order of dismissal. During that period of time nine

regular terms of circuit court were held in Dewey county. We must assume that jurors were summoned, or would have been summoned to try this case if notice of trial had been served and filed. The burden was upon plaintiff to proceed with his action. Under the circumstances we cannot say that the circuit court erred in finding that this delay was unreasonable and negligent.

Appellant contends that defendant had the right to give notice of trial and that he is equally responsible for the delay in bringing the case to trial. The statute does not impose upon defendant the duty to serve notice of trial, and failure to do so does not excuse the plaintiff from the duty to proceed, which is placed upon him by SDC 33.1704(4).

Appellant also opposed the dismissal of the action on the ground that he desired to examine defendant as an adverse witness before trial, but had difficulty in locating him. On October 25, 1950 appellant wrote defendant's counsel stating that he wanted to cross-examine defendant before trial, and asked if November 8th or 9th would be convenient. Counsel for defendant answered on October 31, 1950 agreeing that he would have defendant at the place suggested on November 8th for cross-examination without the necessity for an order. On November 2, 1950 appellant wrote respondent's counsel that he doubted he would be able to be in Timber Lake at the appointed time for the cross-examination, because of other engagements. No order for the appearance of defendant for examination as an adverse witness under SDC 36.0503 was ever issued. From these circumstances it appears that plaintiff had an opportunity to cross-examine defendant as an adverse witness at a time and place of plaintiff's own choosing and that he failed to avail himself of it.

██ Appellant also assigns as error the imposition of terms as a condition precedent to the commencement of another action. SDC 33.0108 provides that the court may "* * * in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done * * *". Where a party has an absolute right to do a thing the court cannot impose terms as a condition precedent to the exercise of such right. Waller v. Weston, 125 Cal.

201, 57 P. 892; 60 C.J.S., Motions and Orders, § 56, p. 54. Here the plaintiff had an absolute right to commence another action on the same cause. Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807; Lewis v. Casto, 136 Kan. 442, 16 P.2d 548. His right to do so did not in anywise depend upon the order of the circuit court permitting it to be done and the imposition of terms was therefore unauthorized.

The order from which the appeal was taken is reversed as to the terms imposed upon the plaintiff and it is otherwise affirmed.

All the Judges concur.