CHICAGO AND NORTH WESTERN RAILWAY COMPANY,
Appellant

v.

BRADBURY, Respondent

(129 N.W.2d 540)

(File No. 10135.   Opinion filed July 2, 1964)

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Plaintiff and Appellant.

**Dennis Maloney,** Aberdeen, for Defendant and Respondent.

HANSON, J. This is an appeal from an order dismissing plaintiff's action for lack of diligence in its prosecution. The propriety of such order is the sole issue presented.

The action is for demurrage on a large number of cars of asphalt and diesel fuel shipped by defendant over plaintiff's railroad in the year 1950. The summons and complaint were served on December 12, 1951. Service of defendant's answer was admitted on May 28, 1953. Plaintiff attempted to have a pretrial conference in April 1952. Defendant requested a delay which was granted. The reason for the delay was that defendant was participating in a proceeding pending before the Interstate Commerce Commission involving the right of the railroad to collect the demurrage charges involved. The decision of the commission would be decisive.

Plaintiff learned in 1960 the decision of the Interstate Commerce Commission was unfavorable to the contractors and demurrage was owing on the shipments in question. The amount of such demurrage was the only remaining issue in dispute between the parties. In September 1960 plaintiff's counsel wrote suggesting a settlement or trial. Defendant's counsel answered requesting time to go over records. January 16, 1961 defendant's counsel said he would reply when his client "returns to Aberdeen." On February 1, 1961 he asked for further time. On February 10, 1961 defendant offered $1,888 in settlement of the claim. Counsel were corresponding and negotiating for a settlement at the May 1961 term of the circuit court. In June the railroad offered to accept $3,423 in settlement. On July 27, 1961 defendant offered $2,655.50. In September 1961 there was a proposal to

formulate a stipulation of facts. In April 1962 defendant's counsel agreed to prepare an exhibit for this purpose. In June 1962 plaintiff's counsel presented proposals which were rejected. In April 1963 plaintiff's counsel requested a pretrial conference and trial date. About this time defendant's counsel indicated his intention to move for dismissal of the action. By order dated April 9, 1963 the court set the case for trial on May 13, 1963. On April 18, 1963 defendant served his motion to dismiss. The motion was heard on April 26, 1963 and dismissed on May 9, 1963. Plaintiff moved for reconsideration and for a new trial on June 29, 1963. This motion was heard on July 9, 1963 and denied on November 21, 1963.

■ ■ The power of a trial court to dismiss an action for lack of prosecution is unquestioned. SDC 1960 Supp. 33.1704(4) authorizes the dismissal of a complaint "in case of unreasonable neglect on the part of the plaintiff to * * * proceed in the cause against the defendant or defendants served." The term "unreasonable neglect" as so used has been construed to mean "unreasonable delay" implying an "omission to do something 'which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights.'" Potts v. Starr, 76 S.D. 91, 72 N.W.2d 924. Furthermore, the authority of courts to dismiss an action for lack of prosecution is generally considered to be an inherent power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. However, the clearance of dockets and calendars is of secondary concern in the administration of justice, Allegro v. Afton Village Corp., 9 N.J. 156, 87 A.2d 430, and the drastic and discretionary power of dismissal without a hearing on the merits should be exercised only in case of unreasonable and unexplained delay in prosecution.

■ ■ The mere passage of time is not the test. The question of laches "does not depend, as does the statute of limitations, upon the fact that a certain time has elapsed since the cause of action accrued, but whether, under all the facts and circumstances of the particular case, the plaintiff is chargeable with

want of due diligence in failing to proceed with reasonable promptitude." Manson v. First Nat. Bank in Indiana, 366 Pa. 211, 77 A.2d 399.

■■ The prosecution of the present action has long been delayed. Nevertheless, defendant either requested or acquiesced therein. He concedes his interest was served by the delay from 1952 to 1960 which was granted at his request. Under the circumstances it would be inequitable to allow the party accommodated to charge the other with lack of due diligence during such period. After 1960 the record shows the matter was not allowed to slumber. Both parties participated in negotiations for settlement and in the preparation of a stipulated record for trial. On application of plaintiff the court ordered the case for trial on May 13, 1963. This removed any presumption of abandonment. After the case was set for trial defendant made his motion to dismiss and the court entered its order of dismissal. Under the circumstances, a dismissal was not warranted and plaintiff should have its day in court. See Cervi v. Town of Greenwood Village, 147 Colo. 190, 362 P.2d 1050.

Reversed and remanded for trial at the earliest convenient date.

All the Judges concur.