SIMKINS, Respondent v. BECHTOL et ux, Appellants

(192 N.W.2d 731)

(File No. 10949. Opinion filed December 17, 1971)

**Donald L. Heck,** Kadoka, for defendants and appellants.

**Charles Rick Johnson,** Gregory, for plaintiff and respondent.

PER CURIAM.

This action was commenced on July 6, 1961, to recover under an oral contract for materials and labor, mostly extras, allegedly used in the construction of a dwelling house. Issue was joined on August 2, 1961, by service of an answer. Notice of trial

was served by plaintiff on August 4, 1961 and filed on August 7, 1961. Depositions of the defendants, who are husband and wife, as adverse parties, were taken on December 15, 1961. It appears a genuine dispute exists between the parties on the claim made.

The record reveals there was no correspondence or communication between counsel concerning the case from January 19, 1962 to at least May 1970, when a garnishment was served upon a party to whom defendants had sold their ranch. At that time plaintiff employed new counsel with the consent of his former counsel.*

In October 1970 plaintiff's present counsel contacted the court for a trial date which was fixed for December 22, 1970. On November 17, 1970, defendants moved to dismiss the action for failure to prosecute. The motion was heard upon affidavits on November 27, 1970. The court denied the motion from the bench. An order denying the motion was entered on January 12, 1971. On March 17, 1971 this court allowed an appeal from that order.

SDCL 15-6-41(b) provides: "For failure of the plaintiff to prosecute * * * a defendant may move for dismissal of an action or of any claim against him. * * * " Its predecessor, SDC 33.1704(4) is essentially the same. This statute was considered and discussed in two recent cases. Potts v. Starr, 76 S.D. 91, 72 N.W.2d 924 and C. & N. W. Ry. Co. v. Bradbury, 80 S.D. 610, 129 N.W.2d 540.

■■ These decisions make it clear that the trial court is vested with inherent authority to dismiss an action for failure to prosecute. It is necessary in the management of its own affairs and in order to achieve an orderly and expeditious disposition of cases. While a discretionary power, because of drastic consequences it should be exercised cautiously and granted only in case of an unreasonable and unexplained delay in prosecution. Each case must be considered on its own facts and circumstances and ordinarily a determination by the trial court will not be interfered with. It is a plaintiff's burden to proceed with the action.

---

*Plaintiff's counsel when the action was commenced is not his present counsel.

With these principles in mind we have examined the record before the trial court and before us on appeal. As reasons and excuses for not proceeding with the prosecution, plaintiff says, following the taking of the depositions it appeared a great deal of investigation was necessary to determine what was owed him; that defendants had no liquid assets at that time and he did not wish to sell their home. Upon inquiry his attorney on several occasions advised him there was no danger of his claim being barred since an action was filed. In late 1969 or early 1970, plaintiff learned defendants had sold considerable property and this was the first time he had knowledge they had liquid assets available to pay the claim. His present counsel maintains he has proceeded diligently since his association with the action, and this may be true, and he also urges this to support the court's order.

In summation he says he at no time intended to waive his claim and the delay was not wilful and was caused "primarily because of the indications that we received from our lawyer that we would not have to complete the action until the defendants were in a better condition to pay the same."

Prior to September 1968, defendants resided in South Dakota. They now live in Fort Lauderdale, Florida. Defendant, Paul T. Bechtol, has a very bad case of emphysema.

▆▆ In our opinion plaintiff has failed to show good excuse for the delay in prosecution. Although a judgment may be uncollectible, this does not excuse an unreasonable delay. Helmer v. Nagle, 202 Minn. 59, 277 N.W. 359. We do not hesitate to label a delay of trial for nearly nine years as unreasonable and virtually inexcusable.

Where a showing included inability to pay an attorney's fee necessary to secure prompt prosecution, the court said "that there was no abuse of discretion (in dismissing) * * * but also that the facts are such as to have made the order almost, if not quite, inescapable. It is a clear case of aggravated laches. There is no ground upon which plaintiffs' conduct can have judicial approval or even the condonation implied by a refusal to dismiss." Conrad v. Certified Ice & Fuel Co., 201 Minn. 366, 276 N.W. 286.

When there was a delay of nine years, and an attempt was made to excuse the delay by an offer of proof which the court refused before dismissing, the Wisconsin court said "taking the offers of proof, * * * as established verities" if the trial court had "held the delay excusable, we could not have upheld his decision as the exercise of sound discretion." Wisconsin Lumber & Supply Co. v. Dahl, 214 Wis. 137, 252 N.W. 714.

Although both Minnesota and Wisconsin have statutes formulating the inherent authority of the court to dismiss for failure to prosecute after five years, and we have no similar statute, the authority of the court to so do is recognized and does not depend on statute or rule. 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, § 59, p. 50. See C. & N. W. Ry. Co. v. Bradbury, supra.

■ ■  Here we have no request for delay, negotiations for settlement or acquiescence as in the Bradbury case. Diligence by present counsel does not correct prior derelictions. Neither does plaintiff's purported reliance on the advice of his former counsel afford a legitimate excuse. A slumbering action should not be permitted as an avoidance of a statute of limitations. Conrad v. Certified Ice & Fuel Co., supra.

In our opinion under the facts and circumstances of this case, the trial court abused its discretion when it refused to dismiss the action.

The cause is remanded with directions to enter an order of dismissal.