**DAKOTA CHEESE, INC. and James J. Dee, Plaintiffs and Appellants,**

v.

**James TAYLOR, E. Steeves Smith, E. Steeves Smith, P.C. and Tinan, Padrnos, Smith & Taylor, a Partnership, Defendants and Appellees.**

No. 18660.

Supreme Court of South Dakota.

Argued Sept. 12, 1994.

Decided Jan. 4, 1995.

Scott N. Heidepriem of Johnson, Heidepriem, Miner & Marlow, Sioux Falls, for plaintiffs and appellants.

Robert B. Frieberg of Frieberg, Rudolph & Peterson, Beresford, for defendants and appellees Smith, E. Steeves Smith, P.C. and Tinan, Padrnos, Smith & Taylor, a Partnership.

John Simko and James E. Moore of Woods, Fuller, Schultz & Smith, Sioux Falls, for defendant and appellee Taylor.

CALDWELL, Circuit Judge.

Dakota Cheese Inc., (Dakota Cheese) and James Dee (Dee) appeal the lower court's dismissal of their case for failure to prosecute. We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1985, Dakota Cheese and Dee employed James D. Taylor, E. Steeves Smith, E. Steeves Smith, P.C. and Tinan, Padrnos, Smith and Taylor, a Partnership (Smith and Taylor) to represent them in an audit by the United States Department of Agriculture (USDA). The audit was commenced to determine whether Dakota Cheese and Dee were using calcium caseinate in their cheese making process in violation of USDA regulations. In July 1988 Dakota Cheese and Dee were indicted by a federal grand jury. On December 14, 1988 Dakota Cheese was convicted of four counts of making false statements, four counts of making false claims, and nine counts of mail fraud. Dee was convicted on one count of conspiracy to defraud the United States government and four counts of making false statements to the Commodity Credit Corporation. Dakota Cheese and Dee were fined $200,000 each. The United States Court of Appeals for the Eighth Circuit affirmed the convictions. *United States v. Dakota Cheese, Inc.,* 906 F.2d 335, 336 (8th Cir.1990).

A summons was served by Dakota Cheese and Dee on Smith and Taylor without a complaint in June 1989 to toll the statute of limitations pursuant to SDCL 15–6–4(b).[1] No action of record was taken until the complaint was filed May 24, 1993. A letter had, however, accompanied the summons informing Smith and Taylor that because of the serious nature of the charges (malpractice), no complaint would be filed until further investigation was done. During the course of the nearly four years between the service of the summons and filing of the complaint in May 1993, Dakota Cheese and Dee's attorney researched massive amounts of legal documents from the audit, investigation and criminal trial. Similar investigation was made by Dakota Cheese and Dee's expert witness. Dakota Cheese and Dee waited until the appeal of the criminal convictions to the Eighth Circuit was determined.

In the complaint Dakota Cheese and Dee allege that during the course of the audit by the USDA, Smith and Taylor altered and concealed documents sought by the USDA, the United States Attorney's Office, and a federal grand jury. The original documents were not produced and the United States District Court held Dakota Cheese and Dee in contempt. Dakota Cheese and Dee were fined $500 per day until the original documents were produced for a total fine of $115,-000. Dakota Cheese and Dee allege that Smith and Taylor's concealment of original documents created a conflict of interest. Dakota Cheese and Dee also claim that Smith and Taylor were negligent in their representation.

On July 12, 1993 Smith filed an answer and motion to dismiss for failure to prosecute pursuant to SDCL 15–6–41(b) and 15–11–11. Taylor filed an answer and similar motion on July 15, 1993.

A hearing was held on the motion to dismiss before the Honorable Eugene L. Martin on March 3, 1994. Judge Martin granted Smith and Taylor's motion to dismiss for Dakota Cheese and Dee's failure to prosecute. Dakota Cheese and Dee appeal.

---

**1.** It should be noted that counsel on appeal did not represent Dakota Cheese and Dee in the lower court proceedings.

## STANDARD OF REVIEW

In reviewing a trial court's dismissal of a claim for failure to prosecute, we must determine whether the trial judge abused his discretion. *Opp v. Nieuwsma,* 458 N.W.2d 352, 356 (S.D.1990); *Du–Al Mfg. Co. v. Sioux Falls Constr. Co.,* 444 N.W.2d 55, 56 (S.D. 1989); *Schwartzle v. Austin Co.,* 429 N.W.2d 69, 71 (S.D.1988); *Holmoe v. Reuss,* 403 N.W.2d 30, 31 (S.D.1987); *Duncan v. Pennington County Housing Auth.,* 382 N.W.2d 425, 426 (S.D.1986). An abuse of discretion has been defined by this Court as a decision which is not justified by, and clearly against reason and evidence. *Dacy v. Gors,* 471 N.W.2d 576, 580 (S.D.1991); *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981); *Root v. Bingham,* 26 S.D. 118, 120, 128 N.W. 132 (1910). We will not reverse a decision if "we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *Rosen's, Inc. v. Juhnke,* 513 N.W.2d 575, 576 (S.D.1994) (citing *Myron v. Coil,* 143 N.W.2d 738, 740 (S.D.1966) (quoting *Slagle & Co. v. Bushnell,* 16 N.W.2d 914, 916 (S.D.1944))); *Dacy,* 471 N.W.2d at 580.

In determining whether to grant a motion to dismiss for failure to prosecute, this Court has delineated several well established principles of law. First, this Court ordinarily will not interfere with the trial court's rulings in these matters. *Duncan,* 382 N.W.2d at 427; *Simkins v. Bechtol,* 192 N.W.2d 731, 732 (S.D.1971).

Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. *Opp,* 458 N.W.2d at 356; *Schwartzle,* 429 N.W.2d at 71; *Holmoe,* 403 N.W.2d at 31; *Duncan,* 382 N.W.2d at 427; *Simkins,* 192 N.W.2d at 732; *Chicago & Northwestern R. Co. v. Bradbury (Bradbury),* 129 N.W.2d 540, 542 (S.D.1964). An unreasonable and unexplained delay has been defined as an omission to do something "which the party might

do and might reasonably be expected to do towards vindication or enforcement of his rights." *Bradbury,* 129 N.W.2d at 542 (quoting *Potts v. Starr,* 72 N.W.2d 924, 925 (S.D. 1955)).

■ Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. *Opp,* 458 N.W.2d at 356; *Schwartzle,* 429 N.W.2d at 71; *Holmoe,* 403 N.W.2d at 31; *Duncan,* 382 N.W.2d at 427; *Bradbury,* 129 N.W.2d at 542.

■ Fourth, the plaintiff has the burden to proceed with the action. *Du–Al Mfg. Co.,* 444 N.W.2d at 56; *Schwartzle,* 429 N.W.2d at 71; *Duncan,* 382 N.W.2d at 427; *Simkins,* 192 N.W.2d at 732; *Potts,* 72 N.W.2d at 925. The defendant need only meet the plaintiff step by step. *Holmoe,* 403 N.W.2d at 31.

■ Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. *Opp,* 458 N.W.2d at 356; *Holmoe,* 403 N.W.2d at 31–32; *Duncan,* 382 N.W.2d at 427; *Bradbury,* 129 N.W.2d at 542.

## DECISION

■ Dakota Cheese and Dee claim that SDCL 15–6–41(b) and 15–11–11 do not apply until the complaint is served. Their claim is not correct. A summons commences an action. *See* SDCL 15–2–30. That section provides that "[a]n action is commenced as to each defendant when the summons is served on him. . . ." *Id.*

■ Dakota Cheese and Dee claim three reasons why the delay in prosecution is excusable. First, they claim the appeal of the criminal conviction was virtually controlling on whether to bring this lawsuit. If the convictions were reversed, then no grounds for legal malpractice would exist. Second, the actual criminal proceedings were lengthy.

Finally, Dakota Cheese and Dee claim that the amount of material generated by the audit, investigation and criminal trial were voluminous and that it took time for the attorney and expert to consider all the documents which might show reasonable cause for a malpractice action to be filed. All of the claims are without merit.

Whether or not the convictions were reversed by the Eighth Circuit Court of Appeals does not change the fact that the attorneys for Dakota Cheese and Dee allegedly altered documents sought by the USDA and the United States Attorney. Regardless of the outcome of the appeal, the grounds for Dakota Cheese and Dee's lawsuit already existed at the time of the alleged alteration and concealment of documents under subpoena. The trial court specifically found that "Plaintiffs were totally aware of the alleged facts and allegations as reflected in the present complaint back when this case was originally commenced in June of 1989. All of the necessary information to serve a complaint at that time was available to the plaintiffs." Most damaging to Dakota Cheese and Dee's contention is that the appeal was decided on June 13, 1990, rehearing was denied on August 9, 1990, and the complaint was not served for another two years, nine and a half months. There was no good cause for the delay in prosecution due to the appeal of the criminal convictions.

■ Dakota Cheese and Dee contend that the massive amount of documentation that occurred as a result of the audit, investigation and criminal proceeding constitutes good cause for the delay in prosecution. Although not decided directly on point, this Court in *Simkins,* 192 N.W.2d at 732 failed to reverse a dismissal for lack of prosecution even though one of plaintiff's excuses was that a great amount of investigation was needed. We are not prepared to reverse a trial court on a finding that a massive amount of investigation necessarily precluded the filing of a complaint within one year of the service of the summons.[2]

**2.** This is true despite the fact that an expert witness needed to investigate all the records. Lack of an expert witness should not preclude

the filing of a complaint based upon reasonable investigation. The effect of the Dakota Cheese and Dee's conduct would be to take several years

Dakota Cheese and Dee contend that they were diligent in their prosecution by conducting the necessary investigation of the documents and employing an expert witness. Notably absent was any communication with the court or Smith and Taylor. The only communication received by Smith and Taylor was a letter from Dakota Cheese and Dee's attorney stating that he had associated himself with another lawyer. It should be noted that communication among a plaintiff and plaintiff's counsel has been rejected by this Court as good cause for delay. *See Holmoe*, 403 N.W.2d at 32. Good cause for delay requires "contact with the opposing party *and* some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines." *Id.* at 32 n. 2 (quoting *F.M.C. Corp. v. Chatman*, 368 So.2d 1307, 1308 (Fla.Dist.Ct.App. 1979)).

Dakota Cheese and Dee contend that Smith and Taylor lost their right to move for a dismissal for failure to prosecute because they failed to request that the complaint be served pursuant to SDCL 15–6–4(b). That statute provides in pertinent part:

> If the complaint is not served with the summons and the defendant within thirty days after service of the summons, in any such case, causes notice of appearance to be given, in person or by attorney, and demands in writing a copy of the complaint specifying a place within the state where it may be served, a copy of the complaint must, within twenty days thereafter, be served accordingly. After such service of the complaint, the defendant has thirty days to answer or otherwise proceed against the complaint.

The fact that this section allows a defendant to demand a complaint does not mean the defendant *must* make such a demand in order to preserve his right to move for dismiss-

al for failure to prosecute. It is up to the plaintiff to proceed with the action. "It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so." *Holmoe*, 403 N.W.2d at 31 (citing *Fox et al. v. Perpetual Nat'l Life Ins. Co.*, 273 N.W.2d 166, 168 (S.D.1978) (quoting *Wiggins v. Washington Nat'l Life Ins. Co.*, 246 Cal.App.2d 840, 55 Cal.Rptr. 129, 133 (1966))).

Dakota Cheese and Dee contend that prejudice must be demonstrated by Smith and Taylor before a motion to dismiss can be granted. This contention is false. This Court has stated that prejudice is a factor which should be considered in making this determination. *Duncan*, 382 N.W.2d at 427. We agree with the trial court that prejudice is not required.

Under these circumstances, Dakota Cheese and Dee's delay does not constitute good cause under SDCL 15–11–11.[3] Accordingly, the trial court did not abuse its discretion in granting Smith and Taylor's motion to dismiss for lack of timely prosecution. We affirm.

MILLER, C.J., SABERS and KONENKAMP, JJ., and ZINTER, Circuit Judge, concur.

CALDWELL, Circuit Judge, for WUEST, J., disqualified.

ZINTER, Circuit Judge, for AMUNDSON, J., disqualified.

---

to thoroughly prepare and then "spring" it on Smith and Taylor, in effect turning a three year statute of limitations into a six year statute of limitations.

3.  The dismissal was not on the merits because no complaint was filed and thus SDCL 15–6–41(b)

should not be relied on in similar situations in the future.