1999 SD 61

**Doug SWENSON and Dan Swenson, Plaintiffs and Appellants,**

**v.**

**SANBORN COUNTY FARMERS UNION OIL COMPANY, a South Dakota Corporation, and Cenex/Land O'Lakes Agronomy Company, a Minnesota Corporation, Defendants and Appellees,**

**v.**

**Miles, Inc., an Indiana Corporation, f/k/a Mobay, Corp., Third Pary Defendants.**

**No. 20444.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1999.

Decided May 19, 1999.

Chan. B. Masselink of Samp Law Firm, Sioux Falls, for plaintiffs and appellants.

Kristine L. Kreiter of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellees.

DOBBERPUHL, Circuit Judge.

[¶1.] This matter arose in 1994 as an action by Doug and Dan Swenson (Swensons) seeking damages from Sanborn County Farmers Union Oil Company and Cenex/Land O'Lakes Agronomy Company (Companies) for alleged ineffective applications of herbicide to Swensons' fields. After a period of initial discovery, Companies moved for dismissal for failure to prosecute pursuant to SDCL 15–6–41(b) and SDCL 15–11–11. The trial court granted Companies' motion and dismissed the matter. We reverse and remand.

## FACTS

[¶2.] Swensons contacted Sanborn County Farmers Union Company (Sanborn) in the spring of 1991 regarding herbicide application to 630 acres of their soybean fields which were heavily infested with cockleburs. Various options were discussed and Swensons eventually decided on a dual application of Treflan/Sencore. Swensons purchased the chemicals from Sanborn and Sanborn employees made two applications on Swensons' fields, one before planting the soybeans and one following planting.

[¶3.] Once the soybeans emerged and grew, Swensons noticed that cockleburs continued to grow in some areas of the field. Sanborn arranged for an aerial spraying of the infected portions of the field with the chemical Basagram in order to alleviate the continuing cocklebur problem. Following the application when the fields were harvested, Swensons were unsatisfied with the yield of the crop and alleged the herbicides were ineffectively applied to exterminate the cocklebur infestation.

[¶4.] On April 15, 1994, Swensons brought suit against Sanborn and the supplier of the herbicides, Cenex/Land O'Lakes Agronomy Co. (Cenex), by filing a summons and complaint in circuit court. The complaint alleging negligence, breach of express and implied warranties, and strict negligence on the part of Companies due to their respective handling and application of the herbicides to Swensons' fields. Companies filed an answer denying the allegations and asserting the affirmative defenses of contributory negligence, assumption of the risk, failure to mitigate damages, preemption by federal law, and effects of weather conditions beyond their control.

[¶5.] Companies served a set of interrogatories and request for production of documents and Swensons filed their answers on June 27, 1994. A third party defendant, Miles, Inc., was briefly brought into the action but is not a party to this appeal.[1]

1. The parties stipulated to the bringing in of Miles, Inc., which the trial court allowed by order dated August 9, 1994. Miles was the manufacturer of the chemical Sencore used on Swensons' fields. A third party summons and complaint were served upon Miles on August 12, 1994, and it filed a third party answer on June 15, 1995, after a time extension was granted. Swensons then brought a separate declaratory judgment action against Miles on February 28, 1995, in relation to an indemnity agreement Swensons had signed

[¶ 6.] Several substitutions of Swensons' counsel were made during the course of this action. On September 13, 1994, Michael L. Buffington replaced Douglas T. Loen, both of the Samp Law Firm in Sioux Falls, South Dakota. On July 24, 1995, Harry A. Engberg, also of Samp Law Firm, replaced Mr. Buffington as Swensons' counsel of record.

[¶ 7.] Dan Swenson's deposition was taken on August 31, 1995, and Douglas Swenson's deposition occurred on November 28, 1995. On January 24, 1996, Swensons filed a request for admissions, which were answered by Companies by filing on February 14, 1996. This was the last record activity in the case file until November 10, 1997. During the interim period various forms of discovery and communications occurred between the parties and will be detailed below.

[¶ 8.] On November 10, 1997, Companies moved to dismiss for lack of prosecution under SDCL 15–11–11 and 15–6–41(b). A hearing was held on December 9, 1997, and the trial court granted the motion on January 7, 1998. Swensons moved for reconsideration, but the trial court took no action on the motion. Swensons appeal the dismissal, raising the following issues:

1. Did the trial court abuse its discretion by granting Companies' motion to dismiss?

2. Did the trial court err as a matter of law by not issuing findings of fact and conclusions of law?

## STANDARD OF REVIEW

[¶ 9.] "Review of a trial court's dismissal of a claim for failure to prosecute is performed under the abuse of discretion standard." *London v. Adams*, 1998 SD 41, ¶ 12, 578 N.W.2d 145, 148; *Devitt v. Hayes*, 1996 SD 71, ¶ 7, 551 N.W.2d 298,

300 (citing *Annett v. American Honda*, 1996 SD 58, ¶ 12, 548 N.W.2d 798, 802; *Opp v. Nieuwsma*, 458 N.W.2d 352, 356 (S.D.1990); *Du–Al Mfg. Co. v. Sioux Falls Constr. Co.*, 444 N.W.2d 55, 56 (S.D.1989); *Schwartzle v. Austin Co.*, 429 N.W.2d 69, 71 (S.D.1988); *Holmoe v. Reuss*, 403 N.W.2d 30, 31 (S.D.1987); *Duncan v. Pennington County Hous. Auth.*, 382 N.W.2d 425, 426 (S.D.1986)). When the decision "is not justified by, and clearly against, reason and evidence," the standard is met and the trial court's dismissal must fail. *London*, 1998 SD 41, ¶ 12, 578 N.W.2d at 148; *Devitt*, 1996 SD 71, ¶ 7, 551 N.W.2d at 300 (citing *Dacy v. Gors*, 471 N.W.2d 576, 580 (S.D.1991); *Herndon v. Herndon*, 305 N.W.2d 917, 918 (S.D.1981); *Root v. Bingham*, 26 S.D. 118, 120, 128 N.W. 132, 133 (1910)). We will let the trial court's decision stand if "we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *Rosen's, Inc., v. Juhnke*, 513 N.W.2d 575, 576 (S.D.1994) (citing *Myron v. Coil*, 82 S.D. 180, 185, 143 N.W.2d 738, 740 (1966) (other citations omitted)).

[¶ 10.] There are several principles of law which guide our review of a dismissal for failure to prosecute:

First, this Court ordinarily will not interfere with the trial court's rulings in these matters. *Duncan*, 382 N.W.2d at 427; *Simkins v. Bechtol*, 86 S.D. 187, 189, 192 N.W.2d 731, 732 (1971).

Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. *Opp*, 458 N.W.2d at 356; *Schwartzle*, 429 N.W.2d at 71; *Holmoe*, 403 N.W.2d at 31; *Duncan*, 382 N.W.2d at 427; *Simkins*, 192 N.W.2d at 732; *Chicago & Northwestern R. Co. v. Bradbury*, 80

with Miles during the herbicide application. (Fourth Judicial Circuit, Sanborn County, Civ. # 95–06). The complaint in that action was later amended to include Companies as parties. That action was ultimately dismissed by stipulation of the parties and order of the

court dated February 24, 1997. Miles paid Swensons $500 and entered into a release on August 20, 1996, in which Swensons agreed to indemnify Miles if Miles was found liable in the main action which is the subject of this appeal. Thus, Miles is not part of this appeal.

S.D. 610, 612, 129 N.W.2d 540, 542 (1964). An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." *Bradbury,* 129 N.W.2d at 542 (citation omitted).

Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. *Opp,* 458 N.W.2d at 356; *Schwartzle,* 429 N.W.2d at 71; *Holmoe,* 403 N.W.2d at 31; *Duncan,* 382 N.W.2d at 427; *Bradbury,* 129 N.W.2d at 542.

Fourth, the plaintiff has the burden to proceed with the action. *Du–Al Mfg.,* 444 N.W.2d at 56; *Schwartzle,* 429 N.W.2d at 71; *Duncan,* 382 N.W.2d at 427; *Simkins,* 192 N.W.2d at 732; *Potts,* 72 N.W.2d at 925. The defendant need only meet the plaintiff step by step. *Holmoe,* 403 N.W.2d at 31.

Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. *Opp,* 458 N.W.2d at 356; *Holmoe,* 403 N.W.2d at 31–32; *Duncan,* 382 N.W.2d at 427; *Bradbury,* 129 N.W.2d at 542.

*Dakota Cheese, Inc. v. Taylor,* 525 N.W.2d 713, 715–16 (S.D.1995).

DECISION

[¶ 11.] **The trial court abused its discretion by granting Companies' motion to dismiss for want of prosecution.**

[¶ 12.] According to the record, Companies moved for dismissal for failure to prosecute under SDCL 15–11–11 and SDCL 15–6–41(b). The trial court granted Companies' motion with a blanket order that did not cite the statutory basis for the grant. We must assume that since Companies' motion moved for dismissal under both statutes the trial court also granted the dismissal under both statutes.[2]

a. Dismissal under SDCL 15–11–11

[¶ 13.] Under the law applicable at the time the trial court dismissed this action, SDCL 15–11–11 allowed a court to dismiss an action for failure to prosecute when: (a) there has been no activity for one year, and (b) there is no showing of good cause which excuses the inactivity.[3]

[¶ 14.] "Activity," as used in the previous version of SDCL 15–11–11 has been defined as "record activity," *Annett,* 1996 SD 58 at ¶ 19, 548 N.W.2d at 803; "last activity as reflected in the file," *Holmoe v. Reuss,* 403 N.W.2d at 32; "settled record," *Holmoe,* 403 N.W.2d at 32; and "court record," *Du–Al Mfg. Co. v. Sioux Falls Const. Co.,* 444 N.W.2d at 57 (Sabers, concurring).

[¶ 15.] The good cause aspect of SDCL 15–11–11 has been evaluated using the following factors: in light of the circumstances surrounding the case, *Annett,* 1996

---

**2.** Companies claim that although they moved for dismissal under both statutes, the briefs and hearing arguments before the trial court centered on the one year record activity provision of SDCL 15–11–11 and thus the trial court must have granted the motion on that basis. However, the trial court's order does not cite a statutory basis for the decision; it merely states that Companies' motion was granted.

SDCL 15–11–11 and SDCL 15–6–41(b) are optional. The trial court "may dismiss" under SDCL 15–11–11. Correspondingly, "a defendant may file for dismissal" under SDCL 15–6–41(b). "There is no absolute right to dismissal for a plaintiff's failure to

prosecute." *London,* 1998 SD 41, ¶ 17, 578 N.W.2d at 150.

**3.** SDCL 15–11–11 was amended effective July 1, 1998 to include a second sentence which states:

[t]he term "record," for purposes of establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsel which justifiably result in delays in prosecution.

SD 58 at ¶ 22, 548 N.W.2d at 804; prejudice by lack of activity is not necessary, *Id.;* "a defendant has a duty simply to meet the plaintiffs step-by-step," *Dakota Cheese,* 525 N.W.2d at 716; and "[g]ood cause for delay requires contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines," *Id.* (citing *Holmoe,* 403 N.W.2d at 32).

[¶ 16.] We have found the following to not be good cause for delay: communication among a plaintiff and plaintiff's counsel, but not with opposing counsel, *Holmoe,* 403 N.W.2d at 32; letters and settlement activity between the parties two years prior to dismissal, *Id;* massive amount of documentation and investigation, *Dakota Cheese,* 525 N.W.2d at 716; plaintiff's failure to file a summons and complaint in circuit court fourteen months after being instructed to do so by the transferring small claims court, *Devitt,* 551 N.W.2d 298; the serious nature of injuries to plaintiff, *Annett,* 548 N.W.2d at 804; difficulty in finding an expert witness and settlement activity which expired a year prior to dismissal, *Id;* and illness and death of defendants' original counsel and further inaction by defendants' counsel's law firm, *Reed v. Heath,* 383 N.W.2d 873, 874 (S.D.1986).

■ [¶ 17.] The mere passage of time is not the test to determine if an action should be dismissed. *Opp,* 458 N.W.2d at 356. Despite the absence of activity on the court record for over a year, we believe the interaction and communications between the parties in this case constituted good cause for the delay.

[¶ 18.] The last record activity in this case was the filing of request for admissions and response on January 24 and February 13, 1996. Settlement negotiations between the parties took place later in 1996, as evidenced by a letter dated October 28, 1996, from Swensons' counsel to Companies' counsel requesting stipulation to a scheduling order. Companies issued no response to that letter. On January 27, 1997, Swensons' counsel sent another letter to Companies' counsel regarding the scheduling order and change of counsel. The letter stated that Rollyn Samp and John Burke were taking over as Swensons' counsel. Companies replied by letter on February 5, 1997, stating scheduling and discovery would be necessary in order to prepare for trial. Companies also stated they anticipated a filing of substitution of counsel and expected contact from Swensons' counsel regarding trial preparation. Swensons did not respond to that letter regarding these matters until November 4, 1997, when a letter and proposed scheduling order were sent to Companies' counsel. Companies did not respond to this letter, but filed a motion to dismiss for failure to prosecute on November 10, 1997. A hearing was held on that motion on December 9, 1997, and the trial court granted the motion to dismiss on January 7, 1998.

[¶ 19.] From February 13, 1996 until November 10, 1997, when the motion to dismiss was filed, the parties were actively preparing for trial by trying to conduct discovery and organize scheduling orders.[4] Companies assert that our previous decision in *Annett v. American Honda,* held that informal discovery and settlement negotiations do not constitute good cause under SDCL 15–11–11. *Annett,* 1996 SD 58, 548 N.W.2d 798. This is an overstatement of our holding in that case. In *Annett,* we rejected that plaintiff's argument that informal discovery and settlement activity were good cause because of the following facts: the informal discovery occurred during a federal court action which predated the filing of the state court case; and the non-record settlement activity

---

4. There were also some letters exchanged regarding the separate declaratory judgment action involving Miles, Inc. That correspondence was under a separate case file number and action and cannot be considered as activity in this case.

ended a year before the dismissal. 1996 SD 58 at ¶17, 18, 19, 548 N.W.2d at 803.

[¶ 20.] In addition, *Annett* is factually distinguishable from the present case: it is clear from the record that discovery and trial preparation were being pursued in the matter at bar, including during the year prior to the dismissal motion. While not demonstrating the epitome of promptness, the evidence shows Swensons were acting with due diligence in trying to proceed with this action under the circumstances. Dismissal is a serious remedy which these facts do not merit. The trial court abused its discretion in granting Companies' motion under SDCL 15–11–11.

b. Dismissal under SDCL 15–6–41(b)

[¶ 21.] A trial court may also dismiss an action for failure to prosecute by granting a defendant's motion for dismissal under SDCL 15–6–41(b):

> For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . . a dismissal under this section . . . operates as an adjudication upon the merits.

The test under this statute is whether the plaintiff's conduct was egregious. *Devitt*, 1996 SD 71, ¶16, 551 N.W.2d at 301. Also, unlike the one year provision in SDCL 15–11–11, there is no time period mandate under SDCL 15–6–41(b). However, the mere passage of time is still not the test for dismissal. *London*, 1998 SD 41, ¶12, 578 N.W.2d at 148; *Holmoe*, 403 N.W.2d at 31.

[¶ 22.] Dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay (the failure to do something the party might reasonably be expected to do in proceeding with his case.) *Opp*, 458 N.W.2d at 356; *Bradbury*, 129 N.W.2d at 542. Swensons acted as would be expected of a plaintiff trying to proceed with a case: they were trying to conduct discovery and scheduling for trial, and they were also occupied with the proceedings of the declaratory judgment action as on offshoot of this matter. Again, it may be said that Swensons could have been more persistent in their pursuit of trial, but we believe their actions did not rise to the level of egregiousness which should preclude this matter from proceeding, as is the test under SDCL 15–6–41(b). *Devitt*, 1996 SD 71, ¶ 16, 551 N.W.2d at 301.

[¶ 23.] Under the facts of this case, justice requires that the action continue. The trial court abused its discretion in dismissing under SDCL 15–6–41(b).

[¶ 24.] Because of our decision on issue one, there is no need to address the second issue.

[¶ 25.] We reverse the trial court's dismissal of this action and remand for proceedings consistent with this opinion.

[¶ 26.] KONENKAMP and GILBERTSON, Justices, concur.

[¶ 27.] MILLER, Chief Justice, and AMUNDSON, Justice, dissent.

[¶ 28.] DOBBERPUHL, Circuit Judge, for SABERS, Justice, disqualified.

AMUNDSON, Justice (dissenting).

[¶ 29.] I respectfully dissent. A trial court may dismiss civil cases, "where there has been no activity for one year, unless good cause is shown to the contrary." SDCL 15–11–11; *Devitt v. Hayes,* 1996 SD 71, ¶12, 551 N.W.2d 298, 300; *see also Annett v. American Honda Motor Co., Inc.,* 1996 SD 58, ¶14, 548 N.W.2d 798, 803. In addition, pursuant to SDCL 15–6–41(b), " 'a defendant may file for dismissal of an action or of any claim against him' if the plaintiff fails to prosecute." *Devitt,* 1996 SD 71, ¶12, 551 N.W.2d at 301 (quoting SDCL 15–6–41(b)). In reviewing a trial court's dismissal of a claim for failure to prosecute, this court determines whether the trial court abused its discretion. *Devitt,* 1996 SD 71, ¶7, 551 N.W.2d at 300; *Annett,* 1996 SD 58, ¶12, 548 N.W.2d at

802; *Schwartzle v. Austin Co.,* 429 N.W.2d 69, 71 (S.D.1988). Abuse of discretion is a decision which is not justified by, and clearly against, reason and evidence. *Devitt,* 1996 SD 71, ¶ 7, 551 N.W.2d at 300 (citations omitted). Employing this standard, "we will not reverse a decision if 'we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion.'" *Devitt,* 1996 SD 71, ¶ 7, 551 N.W.2d at 300 (quoting *Rosen's, Inc. v. Juhnke,* 513 N.W.2d 575, 576 (S.D.1994)) (other citations omitted).

[¶ 30.] It is well established that it is the plaintiff's burden to proceed with the action. *Devitt,* 1996 SD 71, ¶ 13, 551 N.W.2d at 301; *Annett,* 1996 SD 58, ¶ 12, 548 N.W.2d at 802 (citations omitted). "A defendant need only meet the plaintiff step by step." *Annett,* 1996 SD 58, ¶ 12, 548 N.W.2d at 802–03 (citing *Holmoe v. Reuss,* 403 N.W.2d 30, 31 (S.D.1987)).

> It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary, and his attitude toward it is quite different from that of the plaintiff, he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step[.]

*Holmoe,* 403 N.W.2d at 31 (quoting *Fox v. Perpetual Nat. Life Ins. Co.,* 273 N.W.2d 166, 168 (1978)).

[¶ 31.] In this case, there is no question that the plaintiff failed to proceed with this action for more than one year. The lawsuit was commenced in 1994. The last deposition was conducted in November of 1995, which was two years prior to the filing of the motion to dismiss presently before the court. Negotiations had not been conducted in over a year. During this time these parties were involved in a separate declaratory judgment action, however, this does not provide a basis for the plaintiff to avoid its obligation to prosecute the present action. Therefore, on this record, I cannot find the trial court abused its discretion in granting the motion and I would affirm.

[¶ 32.] I am authorized to state that Chief Justice Miller joins in this dissent.